UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, WISCONSIN, and the DISTRICT OF COLUMBIA *ex rel.* URI BASSAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>OMNICARE, INC.,<br><br>    Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OMNICARE, INC. and CVS HEALTH CORP.,<br><br>    Defendants. | Case No. 15-CV-4179 (CM) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
BY CVS HEALTH CORPORATION**

Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street N.W.
Washington, DC 20005
(202) 434-5000

For Matters in New York:

WILLIAMS & CONNOLLY LLP
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Defendant CVS Health Corporation*

# TABLE OF CONTENTS

BACKGROUND .................................................................................................................1

ARGUMENT ....................................................................................................................2

I. THE COMPLAINT DOES NOT STATE A CLAIM AGAINST CVS ..............................2

    A. The Complaint Does Not Allege Veil Piercing. .......................................4

    B. The Complaint Does Not Allege Direct Participation by CVS. ..............5

CONCLUSION..................................................................................................................7

# **TABLE OF AUTHORITIES**

## **CASES**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 1, 2

*Conley v. Gibson*, 355 U.S. 41 (1957) ................................................................................. 1, 2

*Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970 (N.D. Cal. 2016) .................................. 5

*De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996) ............................................... 4

*Hale v. Harney*, 786 F.2d 688 (5th Cir. 1986) ....................................................................... 2

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993) ............................................... 5

*Takemoto v. Nationwide Mut. Ins.*, 674 F. App'x 92 (2d Cir. 2017) ..................................... 3

*United States ex rel. Ahumada v. Nat'l Ctr. for Emp't of Disabled*,
   2013 WL 2322836 (E.D. Va. May 22, 2013) ..................................................................... 5

*United States ex rel. Ahumada v. NISH*, 756 F.3d 268 (4th Cir. 2014) ................................ 5

*United States ex rel. Bartlett v. Tyrone Hosp., Inc.*, 234 F.R.D. 113
   (W.D. Pa. 2006) .................................................................................................................. 6

*United States ex rel. Crennen v. Dell Mktg. L.P.*, 711 F. Supp. 2d 157
   (D. Mass. 2010) .................................................................................................................. 3

*United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*,
   498 F. Supp. 2d 25 (D.D.C. 2007) ..................................................................................... 4

*United States ex rel. Hussain v. CDM Smith, Inc.*, 2017 WL 4326523
   (S.D.N.Y. Sept. 27, 2017) ............................................................................................... 4, 6

*United States ex rel. Kneepkins v. Gambro Healthcare, Inc.*, 115 F. Supp. 2d 35
   (D. Mass. 2000) .................................................................................................................. 3

*United States ex rel. Lawson v. Aegis Therapies, Inc.*, 2013 WL 5816501
   (S.D. Ga. Oct. 29, 2013) ..................................................................................................... 4

*United States ex rel. Lisitza v. Par Pharm. Cos.*, 2013 WL 870623
   (N.D. Ill. Mar. 7, 2013) ....................................................................................................... 3

*United States ex rel. Polansky v. Exec. Health Res.*, 196 F. Supp. 3d 477
   (E.D. Pa. 2016) ................................................................................................................... 6

*United States ex rel. Raffington v. Bon Secours Health Sys.*, 285 F. Supp. 3d 759
   (S.D.N.Y. 2018) .............................................................................................................. 4, 6

*United States ex rel. Takemoto v. Hartford Fin. Servs.*, 157 F. Supp. 3d 273
 (W.D.N.Y. 2016) ..................................................................................................2, 5

*United States v. Bestfoods*, 524 U.S. 51 (1998) ............................................................3

*United States v. Bornstein*, 423 U.S. 303 (1976) ..........................................................5

*United States v. Teva Pharms. USA, Inc.*, 2016 WL 750720
 (S.D.N.Y. Feb. 22, 2016) ..................................................................................4, 5, 6

## STATUTES, RULES, AND TREATISES

Fed. R. Civ. P. 8(a) ..........................................................................................................5

Fed. R. Civ. P. 9(b) .......................................................................................................3, 6

John T. Boese, *Civil False Claims and Qui Tam Actions* § 2.01 (4th ed. 2019) ............6

The Government brought this action against Defendant Omnicare, Inc. ("Omnicare") for conduct allegedly occurring at Omnicare between 2010 and 2018. The Government has also sued Omnicare's indirect corporate parent, CVS Health Corporation ("CVS"), but its Complaint makes no allegation that CVS did anything that could make it liable. Although CVS agrees with and joins fully in Omnicare's motions to dismiss the Complaint, the claims against CVS are independently defective because the Government does not make any allegation that could support a claim that CVS is liable (as distinct from Omnicare). The fundamental purpose of pleading under the Federal Rules of Civil Procedure is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, however, the Complaint mentions CVS only to allege that it was the corporate parent of Omnicare beginning in 2015. Corporate parenthood alone cannot support a claim that CVS violated the False Claims Act, so the claims against CVS should be dismissed.

## BACKGROUND[1]

Omnicare is a long-term-care pharmacy that operates "approximately 160 pharmacies in 47 states," Dkt. No. 17 (Complaint-in-Intervention) ¶ 20 ("Compl."), and "dispenses tens of millions of prescription drugs" to "well over one million patients a year," *id.* ¶¶ 4, 20. The Government alleges that Omnicare dispensed prescriptions that did not comply with certain state-law requirements regarding the dispensing of prescriptions to individuals in a range of types of long-term-care facilities. The Complaint focuses on Omnicare's computer systems for tracking such prescriptions, as well as the training Omnicare provided to its employees. *See id.* ¶¶ 106, 111, 121–141, 162–173. It alleges that these systems were insufficient and that

---

[1] CVS's recitation of the Complaint's allegations is not an agreement that they are true.

Omnicare therefore "dispensed prescription drugs to Federal Healthcare Program beneficiaries . . . based on stale, invalid prescriptions." *Id.* ¶ 142.

Although the Complaint also names CVS as a defendant, it makes no allegation that CVS participated in the alleged conduct. It (inaccurately) claims that CVS purchased Omnicare in May 2015, *id.* ¶¶ 20–21,[2] and otherwise hardly mentions CVS. The Government asserts only in the vaguest terms that CVS was involved "in overseeing Omnicare's operations," *id.* ¶ 21, and was "aware" of certain facts about Omnicare's operations after acquiring the Company, *id.* ¶¶ 8, 186, 201. To be sure, the Government makes some broad allegations about the conduct of the "Defendants," "Omnicare and CVS," or "Omnicare, and its parent company CVS." *Id.* ¶¶ 2, 5, 7, 38, 49, 120, 188, 195, 219, 224, 226, 227, 230, 232, 233. But while it goes on to discuss specific alleged actions of Omnicare—often in the same paragraph, *e.g.*, *id.* ¶ 2, 5, 120, 195, 219, 224, 226—it does not do so as to CVS.

## ARGUMENT

### I.    THE COMPLAINT DOES NOT STATE A CLAIM AGAINST CVS

The Complaint supplies no basis to sue CVS. CVS did not dispense a single prescription to any long-term-care facility, and the Complaint hardly mentions CVS at all. The Government thus fails the fundamental test of pleading; it does not "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley*, 355 U.S. at 47). And "'[t]he day is long past when our notice pleading practice invited the federal practitioner to file suit first and find out later whether he had a case or not.'" *United States ex rel. Takemoto v. Hartford Fin. Servs.*, 157 F. Supp. 3d 273, 281 (W.D.N.Y. 2016) (alteration omitted) (quoting *Hale v. Harney*, 786 F.2d 688, 692 (5th Cir.

---

[2] CVS's purchase of Omnicare did not close until the middle of August 2015.

2

1986)), *aff'd sub nom*, *United States ex rel. Takemoto v. Nationwide Mut. Ins.*, 674 F. App'x 92 (2d Cir. 2017). These principles are all the more important when the pleader is the federal government, which had nearly four years to investigate this matter. *Cf. United States ex rel. Crennen v. Dell Mktg. L.P.*, 711 F. Supp. 2d 157, 164 (D. Mass. 2010) (dismissing FCA claim with prejudice under Rule 9(b) where, "after three years and a government investigation," the relator "still cannot allege" specific false claims with particularity).

The Complaint alleges that CVS became the parent of Omnicare in 2015 and has been Omnicare's corporate parent ever since.[3] *See* Compl. ¶¶ 20–21. But the mere fact that CVS owned Omnicare does not make CVS liable for Omnicare's alleged FCA violations after the acquisition. Much less does CVS's 2015 acquisition of Omnicare make CVS liable for Omnicare's alleged violations in the five years ***before*** the acquisition. Allowing liability based solely on corporate parenthood would violate the "general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks omitted). It is well-established that "the FCA does not alter that general rule." *United States ex rel. Lisitza v. Par Pharm. Cos.*, 2013 WL 870623, at *5 (N.D. Ill. Mar. 7, 2013); *see also, e.g.*, *United States ex rel. Kneepkins v. Gambro Healthcare, Inc.*, 115 F. Supp. 2d 35, 39 (D. Mass. 2000) ("Ownership—even total ownership—of a corporation does not by itself impart the corporation's liabilities to the owner, and that rule is not abated simply because the owner happens to be another corporation."). Accordingly, to state an FCA claim against a parent corporation, a relator must plead "either that [the parent] is liable under a veil piercing or alter

---

[3] In fact, Omnicare's direct corporate parent is actually CVS Pharmacy, Inc., while CVS Health Corporation is a holding company that owns Omnicare only indirectly, through its ownership of CVS Pharmacy, Inc.

3

ego theory, or that it is directly liable for its own role in the submission of false claims." *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 60 (D.D.C. 2007). The Complaint does not allege either theory of liability, and therefore should be dismissed with prejudice as to CVS.

### A. The Complaint Does Not Allege Veil Piercing.

Nothing in the Complaint suggests that the Government seeks to hold CVS liable under a veil-piercing theory. Under similar circumstances, courts have rejected attempts to hold a corporate parent liable based on "group pleading or conclusory allegations" because "'to overcome the presumption of separateness afforded to related corporations, Plaintiffs must come forward with the showing of actual domination required to pierce the corporate veil.'" *United States ex rel. Hussain v. CDM Smith, Inc.*, 2017 WL 4326523, at *11 (S.D.N.Y. Sept. 27, 2017) (brackets omitted) (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)). This is a "heavy burden," which the Government has not satisfied and cannot satisfy. *United States ex rel. Raffington v. Bon Secours Health Sys.*, 285 F. Supp. 3d 759, 769 (S.D.N.Y. 2018). Under the FCA, this requires allegations that the parent's domination of the subsidiary "was used to commit a fraud or wrong against the plaintiff." *Id.*; *see also United States ex rel. Lawson v. Aegis Therapies, Inc.*, 2013 WL 5816501, at *4 (S.D. Ga. Oct. 29, 2013) ("In the context of an action brought under the FCA, the complaint must include allegations that Defendants abused their corporate forms to insulate themselves from FCA violations committed by subsidiaries.").[4]

---

[4] There is no allegation, for example, that CVS and Omnicare disregarded their corporate distinctness to carry out the alleged fraud using policies specifically designed by CVS. *Compare United States v. Teva Pharms. USA, Inc.*, 2016 WL 750720, at *13 (S.D.N.Y. Feb. 22, 2016) (denying motion to dismiss where three related companies were alleged to have disregarded corporate distinctness, and "the very sales and marketing policies that create the alleged kickback scheme, and the compensation policies that reinforce them . . . are created and controlled by [the parent]").

There is no basis for such a claim even alleged here. Nor could there be, as courts have already rejected arguments that the relationship among CVS Health Corporation and its subsidiaries gives rise to alter ego liability. *See, e.g.*, *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 982–84 (N.D. Cal. 2016) (rejecting attempt to pierce CVS Health's corporate veil with respect to CVS Pharmacy, Inc., the entity that directly owns Omnicare).

### B. The Complaint Does Not Allege Direct Participation by CVS.

Nor does the Government allege any facts showing that CVS actually participated in the conduct about which it sues. Its allegations are entirely conclusory, and they are improper in two separate respects.

*First*, the Government lumps CVS and Omnicare together by making certain allegations against the "Defendants," "Omnicare and CVS," or "Omnicare, and its parent company CVS." Compl. ¶¶ 2, 5, 7, 38, 49, 120, 188, 195, 219, 224, 226, 227, 230, 232, 233. But when it goes on to discuss the specific alleged actions, they are actions of Omnicare, not CVS—even in the same paragraphs that contain the vague allegation about all "Defendants" collectively. *E.g.*, *id.* ¶¶ 2, 5, 120, 195, 219, 224, 226. This "group[ing of] related corporations together without differentiating as to the involvement of each" "violates Rule 8(a)" because "the FCA 'penalizes a person for his own acts, not for the acts of someone else.'" *Takemoto*, 157 F. Supp. 3d at 280 (quoting *United States v. Bornstein*, 423 U.S. 303, 312 (1976)); *see also United States v. Teva Pharms. USA, Inc.*, 2016 WL 750720, at *12 (S.D.N.Y. Feb. 22, 2016) ("'Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent acts to defendants.'" (brackets omitted) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993))); *United States ex rel. Ahumada v. Nat'l Ctr. for Emp't of Disabled*, 2013 WL 2322836, at *3 (E.D. Va. May 22, 2013) ("[I]n FCA cases with multiple defendants, Rule 9(b) requires that a complaint set forth with particularity each defendant's culpable conduct."), *aff'd sub nom.*

5

*United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 281 n.9 (4th Cir. 2014) (criticizing relator's "undifferentiated allegations against 'the supplier defendants' as a group" because "Rule 9(b) requires a relator to plead FCA claims with *particularity*" (brackets omitted)).

*Second*, the Government asserts vague "facts" about CVS's alleged "oversight" or "awareness" of Omnicare's actions, but it does so in conclusory terms that do not satisfy the governing pleading standards. The generic allegation that CVS was involved "in overseeing Omnicare's operations," Compl. ¶ 21; *accord id.* ¶ 186, or overseeing changes to Omnicare's practices in light of the Government's allegations, *e.g.*, *id.* ¶¶ 173, 230, is not sufficient to hold CVS liable under the FCA. *See Raffington*, 285 F. Supp. 3d at 769 (rejecting claim based on parent corporation's "significant control" or "oversight"); *Hussain*, 2017 WL 4326523, at *11 ("Mere corporate proximity, however, is not enough."). Nor can an FCA claim be based on a parent corporation's alleged "awareness" of certain facts about its subsidiary's operations. *E.g.*, Compl. ¶¶ 8, 186, 201; *see United States ex rel. Polansky v. Exec. Health Res.*, 196 F. Supp. 3d 477, 513 (E.D. Pa. 2016) ("[A]llegations that a corporate defendant and its parent company 'stood and watched as the other [d]efendants are alleged to have taken actions that defrauded the Government'" are "insufficient because '[n]o liability attaches under the FCA for their inaction'" (second and third alterations in original) (quoting *United States ex rel. Bartlett v. Tyrone Hosp., Inc.*, 234 F.R.D. 113, 125–26 (W.D. Pa. 2006))). "False Claims Act liability has been rejected where a complaint alleged mere knowledge of a claim, rather than any affirmative act by the defendant." John T. Boese, *Civil False Claims and Qui Tam Actions* § 2.01[A][2] (4th ed. 2019). Such allegations do nothing to "'inform [CVS] of the nature of [its] alleged participation in the fraud.'" *Teva Pharms.*, 2016 WL 750720, at *12.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss all claims brought against CVS in the Complaint.

Dated: May 4, 2020

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

/s/ Enu Mainigi
Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
725 Twelfth Street N.W.
Washington, DC 20005
(202) 434-5000

For Matters in New York:

WILLIAMS & CONNOLLY LLP
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Defendant*
*CVS Health Corporation*