**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, WISCONSIN, and the DISTRICT OF COLUMBIA *ex rel.* URI BASSAN,<br><br>        Plaintiffs,<br><br>        v.<br><br>OMNICARE, INC.,<br><br>        Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>OMNICARE, INC. and CVS HEALTH CORP.,<br><br>        Defendants. | Case No. 15-CV-4179 (CM) |

**REPLY IN SUPPORT OF OMNICARE'S MOTION TO DISMISS
RELATOR'S COMPLAINT**

Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

For Matters in New York:
WILLIAMS & CONNOLLY LLP
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Defendant Omnicare, Inc.*

**TABLE OF CONTENTS**

I.  BASSAN'S FEDERAL FCA CLAIM SHOULD BE DISMISSED BECAUSE THE GOVERNMENT'S COMPLAINT SUPERSEDED IT ............................................... 1

II. THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE STATE FCAS ......... 1

    A.  Bassan Cannot Excuse His Pleading Failures by Incorporating the Government's Deficient Pleading ................................................................. 2

    B.  Bassan Does Not Plead Particular False Claims ......................................... 3

    C.  Bassan Does Not Sufficiently Allege that Omnicare Submitted Claims for Payment that Were "False or Fraudulent" ................................. 5

    D.  Bassan Does Not Sufficiently Allege that Omnicare Acted "Knowingly" ................................................................................................. 7

    E.  Bassan Does Not Sufficiently Allege that Any False Claim Was "Material" to Any State ................................................................................ 8

III. THE COMPLAINT DOES NOT STATE A CLAIM UNDER NEW MEXICO LAW ................................................................................................................................ 9

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................7

*Austin v. Ford Models, Inc.*, 149 F.3d 148 (2d Cir. 1998) ...................................................................5

*Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764
 (S.D.N.Y. Sept. 24, 2008) ...............................................................................................................5

*Coyne v. Amgen, Inc.*, 717 F. App'x 26 (2d Cir. 2017) ........................................................................8

*F5 Cap. v. Pappas*, 856 F.3d 61 (2d Cir. 2017) ................................................................................10

*Palatkevich v. Choupak*, 2014 WL 1509236 (S.D.N.Y. Jan. 24, 2014) ...............................................2

*United States ex rel. Chin v. CVS Pharmacy, Inc.*, 2017 WL 4174416
 (C.D. Cal. Aug. 15, 2017) ...............................................................................................................4

*United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71 (2d Cir. 2017) .........................................................................................3, 4

*United States ex rel. Daugherty v. Tiversa Holding Corp.*, 342 F. Supp. 3d 418
 (S.D.N.Y. 2018) ..............................................................................................................................8

*United States ex rel. Ervin & Assocs., Inc. v. Hamilton Sec. Grp., Inc.*,
 298 F. Supp. 2d 91 (D.D.C. 2004) ..................................................................................................8

*United States ex rel. Feldman v. City of New York*, 808 F. Supp. 2d 641
 (S.D.N.Y. 2011) ..............................................................................................................................1

*United States ex rel. Hagerty v. Cyberonics, Inc.*, 95 F. Supp. 3d 240
 (D. Mass. 2015) ..............................................................................................................................2

*United States ex rel. Hobbs v. MedQuest Assocs., Inc.*, 711 F.3d 707
 (6th Cir. 2013) ................................................................................................................................6

*United States ex rel. Janssen v. Lawrence Mem'l Hosp.*, 949 F.3d 533
 (10th Cir. 2020) ..........................................................................................................................3, 9

*United States ex rel. Jorgenson v. Alan Ritchey, Inc.*, 2007 WL 1287932
 (W.D. Wash. Apr. 27, 2007) ...........................................................................................................4

*United States ex rel. Kester v. Novartis Pharms. Corp.*, 23 F. Supp. 3d 242
 (S.D.N.Y. 2014) ..............................................................................................................................3

*United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481 (3d Cir. 2017) ..................................8

*United States ex rel. Purcell v. MWI Corp.*, 807 F.3d 281 (D.C. Cir. 2015)...................7

*United States ex rel. Rauch v. Oaktree Med. Ctr., P.C.*, 2020 WL 1065955
    (D.S.C. Mar. 5, 2020) ........................................................................................................2

*United States ex rel. Scharff v. Camelot Counseling*, 2016 WL 5416494
    (S.D.N.Y. Sept. 28, 2016) ..................................................................................................8

*United States ex rel. Spay v. CVS Caremark Corp.*, 875 F.3d 746 (3d Cir. 2017) ..........................8

*United States v. Comstor Corp.*, 308 F. Supp. 3d 56 (D.D.C. 2018)...............................................9

*United States v. Dental Dreams, LLC*, 2016 WL 9777254
    (D.N.M. Sept. 26, 2016) ...................................................................................................10

*United States v. Lab. Corp. of Am. Holdings*, 2015 WL 7292774
    (S.D.N.Y. Nov. 17, 2015) ..................................................................................................3

*United States v. N. Am. Health Care, Inc.*, 173 F. Supp. 3d 943 (N.D. Cal. 2016) ........................4

*United States v. Prabhu*, 442 F. Supp. 2d 1008 (D. Nev. 2006).....................................................5

*Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989
    (2016) ...............................................................................................................................8, 9

## STATE CASES

*New Mexico ex rel. Rodriguez v. Am. Legion Post No. 99, Club License No. 1626*,
    750 P.2d 1110 (N.M. Ct. App. 1987)................................................................................10

## OTHER AUTHORITIES

42 C.F.R. § 440.120(a)......................................................................................................................6

76 Fed. Reg. 63,018, 63,059 (Oct. 11, 2011)....................................................................................6

31 U.S.C. § 3730(c)(2)......................................................................................................................1

42 U.S.C. § 1396d(a)(12)..................................................................................................................5

Fed. R. Civ. P. 9(b) ...........................................................................................................................4

N.M. R. Code § 7.8.2.35 ...................................................................................................................7

N.M. Stat. Ann. § 27-14-3B............................................................................................................10

N.M. Stat. Ann. § 27-14-7E(2) ....................................................................................................9, 10

N.M. Stat. Ann. § 44-9-1 ................................................................................................................10

In opposing Omnicare's motion, Bassan hardly defends the many defects Omnicare identified in his claims alleging a fourteen-year, twenty-nine-state fraud. The Complaint is devoid of detail concerning nearly every aspect of those claims. It does not identify even a single allegedly false claim submitted to any of the states for payment; it provides no legal support for his assertion that Omnicare submitted claims that were "false"; and it alleges no facts showing that Omnicare acted "knowingly," or that the alleged conduct was "material" to any state. Any one of those deficiencies is reason to dismiss Bassan's claims.[1]

## I. BASSAN'S FEDERAL FCA CLAIM SHOULD BE DISMISSED BECAUSE THE GOVERNMENT'S COMPLAINT SUPERSEDED IT

Bassan disputes Omnicare's argument that his federal claim should be dismissed for lack of standing because it has been superseded by the Government's Complaint-in-Intervention, but his principal authority did just that. *See United States ex rel. Feldman v. City of New York*, 808 F. Supp. 2d 641, 648 (S.D.N.Y. 2011). Even under Bassan's other authority, if the Court does not dismiss Bassan's federal claim, the Government's Complaint controls as to that claim and Bassan's participation in the Government's case is limited by 31 U.S.C. § 3730(c)(2).

## II. THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE STATE FCAS

Bassan does little to defend his attempts to plead fraud claims under the FCA analogues of twenty-nine different states. Instead, he purports to incorporate by reference the entirety of the Government's Complaint, a whole-hog adoption that would have been improper had he pleaded it, but which is unavailing in any event because the federal government's allegations are deficient and say nothing about any *state*. Bassan fails to sufficiently allege nearly all aspects of

---

[1] Bassan also argues that his State FCA claims should be stayed, a motion the Court already denied pending decision on Omnicare's Motion. *See* Dkt. No. 83 (July 15, 2020 Order). Bassan's State FCA claims should be dismissed, not stayed.

each of his claims, including (1) the existence of particular false claims, (2) that any such claims were "false," (3) that Omnicare submitted false claims "knowingly," and (4) that the false claims were "material" to each of the states.[2]

### A. Bassan Cannot Excuse His Pleading Failures by Incorporating the Government's Deficient Pleading.

Bassan spends much of his Opposition leaning on allegations from the Government's Complaint. *See* Dkt. No. 80 (Relator Opp'n to Mot. to Dismiss) 1–3, 5–7, 10–14, 17–21, 23, 25. ("Opp'n"). These allegations do not appear in Bassan's Complaint, and he "may not amend a pleading through an opposition brief." *Palatkevich v. Choupak*, 2014 WL 1509236, at *10 (S.D.N.Y. Jan. 24, 2014). Nor could Bassan ever incorporate the Government's entire allegations by reference, as "[a] complaint alleging non-intervened claims needs to stand alone without relying on allegations in the Government's Complaint in Intervention." *United States ex rel. Rauch v. Oaktree Med. Ctr., P.C.*, 2020 WL 1065955, at *11 (D.S.C. Mar. 5, 2020) (finding it "generally inappropriate" for a relator "to incorporate allegations from the Government's Complaint in Intervention"). In any event, the Government's allegations do Bassan little good. They are themselves defective in myriad ways. *See generally* Dkt. No. 72 (Mot. to Dismiss

---

[2] Bassan accuses Omnicare of ignoring differences among state FCA laws, *see* Opp'n 21–22, but does not identify a material difference in any state law related to any of Omnicare's arguments. Each State FCA has been interpreted largely to mirror the federal FCA. *See, e.g.*, *United States ex rel. Hagerty v. Cyberonics, Inc.*, 95 F. Supp. 3d 240, 270 (D. Mass. 2015), *aff'd sub nom. Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26 (1st Cir. 2016) (analyzing 28 State FCAs consistently with the federal FCA). Although Bassan points to unique causes of action recognized in three of the twenty-nine states, he did not plead them. *Compare* Opp'n 22 (noting Hawaii cause of action for failure to disclose "inadvertent" false claims, Tennessee cause of action under § 4-18-103(a)(9), and Texas claim for fraud in the absence of false claims for payment), *with* Dkt. No. 1 (Compl.) ¶¶ 182–186, 267–271, 274–275 ("Compl.") (pleading Hawaii claim as "knowing[]" submission of false claims only, alleging Tennessee claim under § 4-18-103(a)(7), and stating Texas claim for "knowing[] submi[ssion]" of false claims for payment and use of "false records" to obtain such payments).

2

Gov't Compl.); Reply in Supp. Mot. to Dismiss Gov't Compl. Even if they were not, they concern the alleged submission of false claims to the *federal* government. They have little bearing on the state-specific claims Bassan alleges. *See, e.g.*, *United States ex rel. Janssen v. Lawrence Mem'l Hosp.*, 949 F.3d 533, 541 (10th Cir. 2020) (holding that materiality inquiry "focuses . . . on the likely reaction of the *recipient*" (emphasis added)).

### B. Bassan Does Not Plead Particular False Claims.

As set forth in Omnicare's Motion (pp. 10–12), Bassan's claims each fail at the threshold because he does not "plead with particularity that false claims were actually submitted to the government," *United States ex rel. Kester v. Novartis Pharms. Corp.*, 23 F. Supp. 3d 242, 252 (S.D.N.Y. 2014), in *any* state. This forecloses his claims because a party that "can identify examples of actual claims must do so at the pleading stage." *United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 86 (2d Cir. 2017).

Bassan does not deny that he has not alleged a single example of a false claim submitted to the Medicaid program of any of the states.[3] Nor does he respond to Omnicare's authorities, Dkt. No. 70 (Mot. to Dismiss Relator Compl.) 10 ("Mot."), requiring him to "allege some specificity *with respect to each asserted state*," *United States v. Lab. Corp. of Am. Holdings*, 2015 WL 7292774, at *6 (S.D.N.Y. Nov. 17, 2015) (emphasis added) (quotation omitted). Instead, Bassan incorporates the Government's Complaint (inappropriately, *see supra* Part II.A), and, based on the Government's allegations as to Medicare in some locations, asks the Court to

---

[3] He notes that he did plead three claims to Medicare, including one for an individual also covered by the New Mexico Federal Employee Program, Opp'n 17, but he does not allege these were *Medicaid* claims or that they were submitted to the *State* of New Mexico. Bassan also suggests that the Government has alleged that "Omnicare used rollover prescriptions with more than 10,000 Medicaid beneficiaries," *id.*, but these allegations speak to the number of Medicaid patients Omnicare served in total, with no suggestion that they were false and no particulars of any individual claim. Gov't Compl. ¶ 156.

3

assume that Medicaid claims were submitted to each of the twenty-nine states. Opp'n 10–11. Courts reject such requests to "infer" from allegations of Medicare claims "that false claims were also submitted to the Medicaid programs of each of the . . . states." *United States ex rel. Chin v. CVS Pharmacy, Inc.*, 2017 WL 4174416, at *8 (C.D. Cal. Aug. 15, 2017); *see also United States v. N. Am. Health Care, Inc.*, 173 F. Supp. 3d 943, 953 (N.D. Cal. 2016).[4] Such an inference would be particularly inappropriate for Bassan's Complaint, which does not even identify claims submitted in each of the states for which Bassan sues. *See United States ex rel. Jorgenson v. Alan Ritchey, Inc.*, 2007 WL 1287932, at *3 (W.D. Wash. Apr. 27, 2007) ("alleged fraudulent activity at one plant does not constitute an allegation for a different plant").

Bassan is not immune from the requirement to plead with particularity. As he admits, a relaxation of Rule 9(b) is available only if he can allege "'that the information that would permit further identification of [allegedly false] claims is peculiarly within the opposing party's knowledge.'" Opp'n 12 (quoting *Chorches*, 865 F.3d at 86). Bassan admits he did not allege anything to support such a finding, instead requesting to amend so he can allege that his access was "restricted to a limited geographic region." *E.g.*, Opp'n 16. But leave to amend would not be appropriate because Bassan has already alleged that he *did* have the necessary access to plead his claims with particularity. *See* Compl. ¶¶ 67–68 (alleging that after Bassan uncovered alleged defects in Omnicare's dispensing system, he asked for "a report that would identify the 'problematic' prescriptions," and received a report of prescription claims that, if anything, was *broader* than requested). Bassan cannot simultaneously claim to have received information and

---

[4] Bassan does not even purport to defend his controlled-substances theory, for which he admitted he "does not currently have a specific example of a controlled substance being dispensed without a valid prescription," and merely "believe[d]" they must have been. Compl. ¶ 145.

4

that he was completely unable to obtain it.[5]  *See Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 F. App'x 535 (2d Cir. 2009) ("Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendant's motion to dismiss . . . and directly contradicts the facts set forth in his original complaint, a court is authorized to accept the facts described in the original complaint as true." (internal quotation marks and alterations omitted)); *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) (a plaintiff cannot amend to "erase" admissions from a prior complaint).

### C. Bassan Does Not Sufficiently Allege that Omnicare Submitted Claims for Payment that Were "False or Fraudulent."

Bassan needed to plead facts showing that the claims Omnicare allegedly submitted to each of the twenty-nine states were "false" under the law applicable to each claim.  *See* Mot. 12–16.  Bassan does not dispute that the prescription claims about which he sues are not false unless he can identify a "'controlling rule, regulation or standard'" that Omnicare allegedly violated. *Id.* at 12 (quoting *United States v. Prabhu*, 442 F. Supp. 2d 1008, 1026 (D. Nev. 2006)).  But Bassan neither identifies a uniform federal standard nor responds to Omnicare's arguments regarding the contents of state law.  Instead, he leans on the allegations and briefing from the Government, which did not grapple with these arguments, either.  *See* Dkt. No. 72 (Mot. to Dismiss Gov't Compl.) 9–14; Reply in Supp. Mot. to Dismiss Gov't Compl. 2–9.

 Bassan's State FCA claims depend on the assertion that the federal Medicaid statute incorporates all aspects of each individual state's prescription requirements.  *See* Compl. ¶¶ 103, 105; Opp'n 18–19.  He does not dispute that the sole provision cited in his Complaint, 42 U.S.C. § 1396d(a)(12), merely states that Medicaid covers "prescribed drugs," but says nothing about

---

[5] Even were such amendment permitted, Bassan's alleged limited access cannot excuse his failure to plead any Medicaid claim to New Mexico.

5

incorporating state laws or their prescription-documentation rules or requiring pharmacies to certify compliance with such laws. Opp'n 18. These are two very different things, as the federal government recognized under Medicare. Medicare covers prescription drugs, but CMS later recognized the need for a separate rule incorporating the details of state prescription rules "to remove any doubt as to the appropriate source of law to consult when determining whether a prescription is valid." Medicare Program, 76 Fed. Reg. 63,018, 63,059 (Oct. 11, 2011).[6]

Bassan attempts to dodge the issue by encouraging the Court to look to "[t]he Government's falsity arguments." Opp'n 18. But the Government's argument under Medicaid comes down to a breezy assertion that Omnicare somehow "should know" that Medicaid meant to incorporate these aspects of state prescription-documentation law. *See* Dkt. No. 81 (Gov't Opp'n to Mot. to Dismiss) 17. Like the Government, Bassan cannot premise a fraud claim on uncodified beliefs about what Omnicare "should know." *See United States ex rel. Hobbs v. MedQuest Assocs., Inc.*, 711 F.3d 707, 718–19 (6th Cir. 2013) ("[T]he FCA does not impose liability for providers' failure to anticipate needs of the program that have not been promulgated in regulations.").

In addition, Bassan does not respond to Omnicare's argument that twenty-one of the twenty-nine states for which he sues explicitly permit the use of medication orders at facilities other than SNFs. *See* Mot. 14.[7] Bassan asks the Court to "presume[]" that his allegations

---

[6] In a footnote, Bassan misleadingly cites 42 C.F.R. § 440.120(a), Opp'n 1 n.1, as defining "prescribed drugs" reimbursable under Medicaid as those "'prescribed by a physician or other licensed practitioner' consistent with 'Federal and State law.'" Opp'n 1 n.1. That regulation addresses "the scope of . . . professional practice" for "a physician or other licensed practitioner of the healing arts." 42 C.F.R. § 440.120(a)(1). It says nothing about the state-law prescription-documentation requirements Bassan would have Medicaid impose on pharmacists.

[7] Bassan vaguely suggests that the state laws cited by Omnicare "generally involve skilled facilities" and their "authorized prescribers," not "ALFs." Opp'n 19 n.11. That is simply

6

regarding the content and meaning of state pharmacy laws are "true." Opp'n 18–19. But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bassan's failure to address specific state laws is a concession that his theory of falsity falls flat in those states.

Bassan's only discussion of any state law is a footnote regarding New Mexico law, which provides that no medications "shall be started, changed *or discontinued* by [ALFs] without an order from the physician, physician assistant or nurse practitioner." N.M. R. Code § 7.8.2.35 (emphasis added). Even if other provisions of New Mexico law could undermine this directive (they cannot), Bassan's New Mexico claim would still fail because the FCA cannot reach "claims made based on reasonable but erroneous interpretations of . . . legal obligations." *United States ex rel. Purcell v. MWI Corp.*, 807 F.3d 281, 287–88 (D.C. Cir. 2015).[8]

### D. Bassan Does Not Sufficiently Allege that Omnicare Acted "Knowingly."

In response to Omnicare's argument that he failed to allege that Omnicare acted "knowingly," Mot. 16–19, Bassan merely refers to the Government's argument in its Opposition and then asserts without explanation that "Bassan's Complaint, like the Government's Complaint-in-Intervention, contains ample facts to show that Omnicare 'knowingly' created false prescription records in support of false claims." Opp'n 20. That is incorrect. Bassan's only allegations show Omnicare employees responding conscientiously to his personal investigation in 2015. *See* Compl. ¶¶ 63–68. Even if his allegations could be read to show errors

---

incorrect, as Omnicare made clear in its motion—with details as to each state law that Bassan does not address. *See* Mot. 13–16; Dkt. No. 70-1 (Ex. 1 to Mot.).

[8] To the extent Bassan implies in his Opposition that he is alleging "factual falsity" or that Omnicare dispensed medication without any prescription authorization ever, Opp'n 18, 19, neither appears anywhere in his Complaint and both are pasted from the Government's Opposition. *See* Reply in Support of Mot. to Dismiss Gov't Compl. 9–11. Like the Government, Bassan has not identified any fact that would support either allegation. *See id.*

in Omnicare's computer systems, Bassan does not dispute that "recklessness" under the State FCAs "'requires much more than errors, even egregious errors.'" Mot. 17 (quoting *United States ex rel. Ervin & Assocs., Inc. v. Hamilton Sec. Grp., Inc.*, 298 F. Supp. 2d 91, 101 (D.D.C. 2004)). Nor does Bassan have any response to Omnicare's arguments that his intent allegations are limited to, at most, the pharmacy at which he worked in New Mexico after August 2015.

### E.     Bassan Does Not Sufficiently Allege that Any False Claim Was "Material" to Any State.

Bassan provides no meaningful rebuttal to Omnicare's materiality argument. He does not dispute the applicable legal principles. *See* Mot. 19–20. The "materiality standard is demanding," and materiality must be pleaded "with plausibility and particularity." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2003, 2004 n.6 (2016). Bassan cannot rest on "conclusory" assertions of materiality, *United States ex rel. Daugherty v. Tiversa Holding Corp.*, 342 F. Supp. 3d 418, 428–29 (S.D.N.Y. 2018), or claims of "mere non-compliance with a regulation," *United States ex rel. Scharff v. Camelot Counseling*, 2016 WL 5416494, at *8 (S.D.N.Y. Sept. 28, 2016). Instead, he must make "concrete allegations from which the court may draw the reasonable inference that the [alleged falsity] caused the Government to make the reimbursement decision." *Coyne v. Amgen, Inc.*, 717 F. App'x 26, 29 (2d Cir. 2017). Bassan's materiality argument focuses on two misplaced beliefs:

*First*, he implies that a violation of any aspect of a state's prescription-documentation laws is material because "prescriptions are the foundation of a lawfully operated pharmacy business." Opp'n 3. That prescriptions are important to pharmacies, however, does not make every alleged recordkeeping violation related to a prescription material to Medicaid programs. *See, e.g.*, *United States ex rel. Spay v. CVS Caremark Corp.*, 875 F.3d 746, 764 (3d Cir. 2017) (alleged "use of false prescriber identifiers" in prescription claims not material); *United States ex*

8

*rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 485 (3d Cir. 2017) (alleged "suppress[ion of] data that caused doctors to certify incorrectly that [a prescription drug] was 'reasonable and necessary'" not material).

*Second*, Bassan argues that Omnicare did not comply with a Medicaid provision that "is a condition of payment." Opp'n 20–21. The Supreme Court has made clear that a violation is not material merely because the underlying legal provision is a condition of payment. *See Escobar*, 136 S. Ct. at 2003. In any event, the Medicaid provision on which Bassan relies does not support his theory of fraud, *see supra* Part II.C., and the Complaint does not allege that it is a condition of payment. *See* Compl. ¶¶ 94, 96 (alleging conditions of payment as to Medicare only).

Bassan cannot save his claims by falling back on the Government's allegations regarding actions by the *federal* government in connection with *Medicare* claims. *See* Opp'n 20–21. Even if Bassan could adopt these allegations by reference in an Opposition (he cannot, *see supra* Part II.A.), they are irrelevant to Bassan's State FCA claims. Materiality focuses "on the likely reaction of the recipient." *Janssen*, 949 F.3d at 541. Here, the recipients are the Medicaid agencies of the twenty-nine states for which Bassan sues. But nothing in the Government's allegations (much less Bassan's) says *anything* about the likely reaction of any of the twenty-nine states to the alleged falsity. In the absence of any specific allegations of materiality, the decision by all of the states not to intervene in this action suggests the alleged violations are immaterial. *See United States v. Comstor Corp.*, 308 F. Supp. 3d 56, 86 (D.D.C. 2018).

## III.   THE COMPLAINT DOES NOT STATE A CLAIM UNDER NEW MEXICO LAW

Bassan does not dispute that New Mexico's Medicaid FCA does not permit a relator to litigate a claim unless the State first finds "substantial evidence" of "a violation of the Medicaid False Claims Act." *See* N.M. Stat. Ann. § 27-14-7E(2). He relies on an action of the New

Mexico Board of Pharmacy unrelated to any FCA claim.  Putting aside that the New Mexico Board of Pharmacy did not issue findings as Bassan alleges, the New Mexico law requires a written determination *by the state human services department*, N.M. Stat. Ann. §§ 27-14-3B, 27-14-7E(2), of "substantial evidence" of "a violation *of the Medicaid False Claims Act*," *id.* § 27-14-7E(2) (emphasis added).  Bassan's secondary argument that he could not have pleaded such a finding back in 2015, Opp'n 23, is notable for what it lacks:  Any suggestion that the state *ever* made such a finding that Bassan could use as support to litigate the case.

Bassan claims that the Court can ignore this deficiency by treating his Medicaid-related claim as falling under the general Fraud Against Taxpayers Act, N.M. Stat. Ann. § 44-9-1, but he has no response to Omnicare's citation of New Mexico law making clear that the Medicaid-related procedural requirements govern because "specific statutes control over general statutes." *New Mexico ex rel. Rodriguez v. Am. Legion Post No. 99, Club License No. 1626*, 750 P.2d 1110, 1113 (N.M. Ct. App. 1987).  Although Bassan identifies one decision in which a court analyzed claims brought under both laws, that Court did not address an argument that this was improper (and, indeed, the two claims were identical for purposes of that decision, unlike here). *See United States v. Dental Dreams, LLC*, 2016 WL 9777254, at *6 (D.N.M. Sept. 26, 2016).

## CONCLUSION

For the foregoing reasons, Bassan has failed to state a claim for which relief can be granted, and his Complaint should be dismissed in its entirety. Bassan requested leave to amend "to plead additional facts on any of the issues addressed by Omnicare's motion to dismiss" Opp'n 24–25, but largely "failed . . . to explain how [he] proposed to amend the complaint to cure its defects." *F5 Cap. v. Pappas*, 856 F.3d 61, 90 (2d Cir. 2017).  The Court should deny Bassan's conclusory request to amend.

Dated:  August 13, 2020

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

/s/ Enu Mainigi
Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
725 Twelfth Street N.W.
Washington, DC 20005
(202) 434-5000

For Matters in New York:

WILLIAMS & CONNOLLY LLP
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Defendant Omnicare, Inc.*