## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
CALIFORNIA, COLORADO,
CONNECTICUT, DELAWARE, FLORIDA,
GEORGIA, HAWAII, ILLINOIS, INDIANA,
IOWA, LOUISIANA, MASSACHUSETTS,
MICHIGAN, MINNESOTA, MONTANA,
NEVADA, NEW JERSEY, NEW MEXICO,
NEW YORK, NORTH CAROLINA,
OKLAHOMA, RHODE ISLAND,
TENNESSEE, TEXAS, VERMONT,
VIRGINIA, WASHINGTON, WISCONSIN,
and the DISTRICT OF COLUMBIA
*ex rel.* URI BASSAN,

        Plaintiffs,

        v.

OMNICARE, INC.,

        Defendant.

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

OMNICARE, INC. and CVS HEALTH CORP.,

        Defendants.



Case No. 15-CV-4179 (CM)

## [PROPOSED] PROTECTIVE ORDER

Disclosure and discovery activity in the above-captioned action (the "Action") are likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure may be warranted. The parties to the Action (the "Parties") wish to facilitate discovery while protecting such information in accordance with applicable law. The Parties also wish to facilitate discovery while preventing the waiver of

applicable privileges or protections due to inadvertent disclosure. Accordingly, the Parties have stipulated and agreed to the following terms of a protective order.

It is therefore hereby ORDERED as follows:

1.    Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of this Protective Order (the "Order").

2.    This Order shall apply to Discovery Material (defined below) exchanged by the Parties or by third parties in discovery in the Action as further set forth below.

3.    This Protective Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services, including, specifically, 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(l)(ii)(B), 164.512(e)(l)(v) (collectively the "HIPAA Rules"), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). It is the intent of the Parties that this Order be deemed a "qualified protective order" under HIPAA, as set forth in the implementing regulations for that statute found at 42 C.F.R. § 164.512(e). This Protective Order also authorizes any agencies, departments, or offices of the United States of America (the "United States") to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure, as permitted by 5 U.S.C. § 552a(b)(11).

## DEFINITIONS

4.    "Confidential Information" means trade secrets, non-public financially sensitive information, non-public commercially sensitive information, proprietary information,

2

information subject to protection under the Privacy and Security Rules, including, but not limited

to, Protected Health Information ("PHI") as that term is defined in the HIPAA Rules, or

information in which any non-party has a reasonable expectation of privacy and/or which is

protected from disclosure pursuant to any statutory, regulatory, or contractual protection.

"Confidential Information" includes any document or information supplied in any form, or any

portion thereof, that identifies an individual in any manner and relates to the past, present, or

future care, services, or supplies relating to the physical or mental health or condition of such

individual, the provision of health care to such individual, or the past, present, or future payment

for the provision of health care to such individual. This information includes, but is not limited

to, prescriptions, prescription notes, prescription records, medical charts, test results, notes,

dictation, invoices, billing statements, remittance advice forms, explanations of benefits, checks,

notices, and requests. "Confidential Information" also includes all notes, summaries, or oral

communications that specifically identify individual patients, and any individually identifiable

information maintained by any agency, department, or office of the United States that is

protected by the Privacy Act, 5 U.S.C. § 552a and/or 42 C.F.R. Part 5b.

5.       "Discovery Material," means any and all documents, information, and tangible

things exchanged or furnished in the course of discovery by the Parties or any other party that is

a signatory to this Order and other persons or entities subject to discovery in the Action,

including deposition testimony and exhibits thereto, answers to interrogatories, and responses to

other discovery requests and subpoenas.

6.       "Producing Party" or "Designating Party" means the Party or non-party producing

Discovery Material and/or designating Discovery Material as Confidential Information.

7.      "Receiving Party" is a Party or non-party receiving or having access to Discovery Material.

### DESIGNATION OF DISCOVERY MATERIAL AS CONFIDENTIAL INFORMATION

8.      A Producing Party has the right to designate as "Confidential Information" any Discovery Material, or portion thereof, that the Producing Party believes in good faith to contain Confidential Information.

9.      With respect to the Confidential portion of any Discovery Materials other than deposition transcripts and exhibits, a Producing Party may designate such portion as Confidential Information under this Protective Order by causing the words "SUBJECT TO PROTECTIVE ORDER" to appear on the material in a manner that will not interfere with legibility or audibility. A Producing Party may designate any magnetic or electronic media (e.g., videotape or DVD) as Confidential Information by placing or affixing a label on such media marking it as "Subject to Protective Order." Wherever practicable, Confidential Information produced electronically shall be formatted such that printed copies of any document(s) contained therein shall print with a header or footer stating "SUBJECT TO PROTECTIVE ORDER."

10.      A Producing Party may designate portions of deposition transcripts, deposition videos, or deposition exhibits as Confidential Information by making a statement to that effect for inclusion in the deposition transcript at, or prior to, the conclusion of the deposition. Those portions of a deposition transcript that are designated as Confidential Information shall be stamped "SUBJECT TO PROTECTIVE ORDER," and, if filed with the court, the filing party shall follow the procedures described below in Paragraphs 19 and 20. Additionally, and alternatively, any Producing Party may designate information disclosed at a deposition as Confidential Information by notifying all counsel in writing within 21 calendar days of receipt of the final deposition transcript of the specific pages and lines of the transcript that it wishes to

4

designate as Confidential Information. All deposition transcripts shall be treated as Confidential Information during this interim 21-calendar-day period following receipt of the transcript to allow counsel sufficient opportunity to make such designations. The use of specific portions of a deposition transcript that are designated as Confidential Information shall be governed by this Order. However, nothing in this Order restricts the use of any portion of a deposition transcript that has not been designated as Confidential Information.

11.     In the event of a disclosure of any document or information designated as Confidential Information to a person not authorized to receive such a disclosure under this Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party shall immediately inform counsel for the Producing Party whose document or information designated as Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The party responsible for the unauthorized disclosure also shall take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

12.     Nothing in this Order will prevent any Party or non-party to whom Confidential Information is disclosed pursuant to this Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least five (5) business days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory

5

process, or other legal notice if the Producing Party deems it appropriate to do so and no disclosure may be made by the Receiving Party until such application for relief is decided.

13. Nothing in this Order will prevent or in any way limit the right or duty of the United States to disclose to any agency or department of the United States or any State, or any division of any such agency or department, any Confidential Information relating to a potential violation of law or regulation, or relating to any matter within that agency's or department's jurisdiction, nor shall anything contained in this Order prevent or in any way limit the use of any such Confidential Information by any such agency or department in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's or department's jurisdiction.

14. Nothing in this Order will prevent or in any way limit the right or duty of the United States to provide any Confidential Information to the United States Congress pursuant to a congressional request; provided, however, that the United States shall notify the congressional entity requesting Confidential Information that the Confidential Information was produced pursuant to this Order and the United States will, if there are no objections interposed by the congressional entity requesting the Confidential Information, use reasonable efforts to notify the Producing Party of the congressional entity's request and the United States' response thereto in advance of providing the Confidential Information.

15. Disputes concerning the designation of Confidential Information shall be handled as follows: counsel for the party challenging the propriety of a designation of Confidential Information shall explain, in writing, to counsel for the Producing Party the specific nature of the party's challenge to the designation of a specific document or portion of testimony as Confidential Information. The challenging party and the Producing Party shall meet and confer

6

and make a good faith effort to resolve the dispute. In the event that these parties are unable to

resolve the dispute, the Producing Party may apply to the Court for a determination as to whether

it appropriately designated the Discovery Material at issue as Confidential Information. The

Producing Party bears the burden of persuading the Court that the Discovery Material at issue is

in fact Confidential Information within the definition of that term set forth above. If the

Producing Party files such an application with the Court, the Discovery Material at issue will be

treated as Confidential Information until the Court has rendered its determination.

## DISCLOSURE OF INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION

16.     All Confidential Information designated as such by a Producing Party shall be

used by the Receiving Party for the sole purpose of conducting the litigation in the Action and

any appeals thereto and for no other purpose. Nothing contained in this Order, however, affects

the United States' rights and duties described in paragraphs 13 and 14 of this Order.

17.     Unless otherwise ordered by the Court or permitted in writing by the Designating

Party, Confidential Information, and any copies thereof and/or notes made therefrom, shall not

be disclosed to any person other than the following:

(a)     Judges, court reporters, court personnel, videographers, and special masters at

trial, hearings, arguments, depositions, mediations, or any judicial proceedings in

this Action;

(b)     counsel for the Parties, including the outside and in-house counsel of the Parties,

and the attorneys, secretaries, paralegals, assistants, and other employees in the

same firm/company of such counsel, in all cases only to the extent reasonably

necessary to render professional services in the Action;

(c)     the Parties (which includes all agencies, departments, or offices of the United

States) and their officers, directors, employees and former employees who are not

7

attorneys or working as attorneys, but only to the extent such employees or former employees reasonably require access to the Confidential Information for the sole purpose of assisting in the litigation of the Action;

(d)     messenger, copy, and other clerical services vendors not employed by a Party or its counsel of record, only to the extent reasonably necessary to assist the Parties and counsel of record for the Parties in rendering professional services in the Action;

(e)     third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Discovery Material or maintaining database programs for handling Discovery Material for the Action;

(f)     professional vendors retained for purposes of litigation support, including legal interpreters, document reproduction services, computer imaging services, demonstrative exhibit services, contract attorneys for purposes of document review, or outside document review vendors;

(g)     experts, consultants, and other contractors retained to assist counsel in the litigation of the Action, including their assistants, and stenographic, secretarial, or clerical personnel, provided that the Receiving Party shall notify the Designating Party at least ten (10) days prior to disclosure pursuant to this Paragraph to a person who is known to be an employee of any competitor of the party whose Confidential Information is sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If the Designating Party objects to the disclosure (for reasons other than challenging the qualifications of the

expert or consultant), it must serve on the Receiving Party proposing to make the disclosure a written objection within ten (10) days after service of the notice.  Any resulting dispute shall be resolved by a ruling on the issue from the Court;

(h)     Any person who is an author or recipient of the Confidential Information to be disclosed or who has prior knowledge of the specific document containing the Confidential Information to be disclosed or the subject matter referenced in the Confidential Information to be disclosed;

(i)     Deponents and their counsel, who shall be provided a copy of this Order if subpoenaed or noticed to appear for a deposition in the Action and shall be subject to its terms with respect to any Confidential Information shown them before or during the deposition;

(j)     Any mediators or settlement officers, mutually agreed upon by the Parties engaged in settlement discussions, and their staff members working on the Action;

(k)     Any persons retained by a Receiving Party to serve on a "mock jury" or in a similar position; and

(l)     Such persons as outside counsel of record for all Parties shall consent to in writing or on the record prior to the proposed disclosure.

<strong>SIGNING EXHIBIT A</strong>

18.     Before disclosing Confidential Information to any person listed in paragraphs 17(g), the party proposing such disclosure must provide a copy of this Order to such person, who must sign the attached Exhibit A.  That party must retain a signed copy on file for inspection by the Court.

## USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

19. Before any party may file with the Court any pleadings, motions, or other papers disclosing information designated as Confidential Information by a Producing Party, such filing party shall make an application to the Court requesting that the papers disclosing information designated confidential be filed with redactions and under seal for a period of fourteen (14) days during which time the Producing Party may file a motion to seal such information. After the filing party has made such an application, counsel for the Producing Party shall confer with the Parties and make a good faith effort to narrow the number and scope of any documents that would be filed under seal. In the event that the relevant Producing Party is not a Party, the filing party shall serve a copy of its application on the Producing Party on the same day that it files such application with the Court.

## INADVERTENT FAILURE TO DESIGNATE DISCOVERY MATERIAL AS CONFIDENTIAL INFORMATION

20. Production of any documents, testimony, or information in the Action without a designation of Confidential Information following the procedures described above shall not, in and of itself, be deemed a waiver of any party's claim that the information constitutes Confidential Information if, after discovering such failure to so designate, the Producing Party promptly sends a written notice to counsel for all other Parties and designates the previously produced documents, testimony or information as Confidential Information. Upon receipt of such notice, the Receiving Party shall thereafter treat the documents, testimony or information as if they had been designated Confidential Information upon initial production.

10

## INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

21.     Inadvertent disclosure of information or documents subject to a claim of privilege or work product protection shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, as modified by paragraphs 22 and 23 below.

22.     The production or disclosure of any information (including documents) in the Action that a Party or non-party later claims should not have been produced due to a privilege or protection from discovery—including, but not limited to, any attorney client privilege, work product protection, joint defense privilege, settlement negotiation privilege, or deliberative process privilege[1]—shall not constitute a waiver of, or estoppel as to, any such privilege or protection, regardless of whether reasonable steps were taken to prevent such inadvertent disclosure.  A Producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return, and the timeliness of such a request will be governed by Federal Rule of Evidence 502(b).  If a Party receives information that it believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

23.     When a Producing Party or Receiving Party identifies privileged or protected information that was inadvertently disclosed, the Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to whom the party disclosed the information; (3) shall, within five (5) business days of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the

---

[1] The listing of these privileges is without prejudice to any party's argument that such privilege should not be recognized, either in general or as applied to specific documents in this case.

destruction, under (3) above, of all copies of the information not returned to the Producing Party. No party shall use the fact or circumstances of production of the information in the Action to argue that any privilege or protection has been waived. Within thirty (30) days after a Producing Party or Receiving Party identifies the information, and not after that time period has elapsed, the Receiving Party may file a motion to compel the production of the inadvertently disclosed information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or protection has been waived by some act other than the inadvertent disclosure of the information in the Action. The Producing Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

## DESIGNATED INFORMATION PRODUCED BY A NON-PARTY

24.    Any non-party who may be called upon in the Action to produce documents, provide deposition or other testimony pursuant to a subpoena, or respond to other discovery requests is entitled to avail itself of the provisions and protections of this Order. All material designated by the non-party as Confidential Information will be treated in the same manner as any Confidential Information produced by the Parties.

## GENERAL PROVISIONS

25.    Nothing in this Order shall preclude the Parties or any non-party from using or disclosing their own documents or information consistent with applicable laws or regulations.

26.    The designation, or lack of designation, of information as Confidential Information shall be of no evidentiary effect in this Action. Nothing in this Protective Order shall preclude a Producing Party from objecting to the admissibility on any grounds of any Discovery Material produced in this Action.

12

27.     Nothing in this Order shall be deemed to preclude the Parties or any non-party from seeking or obtaining from the Court, on an appropriate showing, additional protections with respect to the confidentiality of documents or other Discovery Material, or from seeking or obtaining from the Court leave to disclose documents or other Discovery Material beyond the terms of this Order.

28.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

29.     This Order shall survive the termination of the litigation.  Within 60 days of the final disposition of the Action, including all appeals, whether by settlement, final judgment, denial of final appeal, or other termination of the Action, a Producing Party may request that all Discovery Material designated as Confidential Information, and all copies thereof, shall be promptly returned to that Producing Party, or, upon permission of the Producing Party, destroyed.  Whether the Confidential Information is returned or destroyed, within 30 days of the request to return or destroy, the Receiving Party must submit a written certification to the Producing Party that affirms that the Receiving Party has returned or destroyed all the Confidential Information and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information.  Notwithstanding this provision, each Party and counsel for each Party are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials

contain Confidential Information. Any such archival copies that contain or constitute

Confidential Information remain subject to this Protective Order.

30.     The Parties may seek to modify this Order upon motion made to the Court.

14

**THE PARTIES REPRESENT THAT THE FOLLOWING ADDENDUM IS
ACCEPTABLE TO THE PARTIES AND IS DEEMED INCORPORATED INTO THE
PARTIES' STIPULATION AND PROPOSED PROTECTIVE ORDER GOVERNING
THE DISCLOSURE OF CONFIDENTIAL INFORMATION**

1.     The Parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the Parties are in fact confidential.

2.     It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

3.     The Court does not ordinarily file decisions under seal or redact material from them, if the Court issues a decision in this case that refers to "confidential" information under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential information, and explain why that information is truly confidential. The Court will then determine whether the information is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the information discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

4.     If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential information be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

15

Respectfully Submitted,

By: _____

Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
T: (202) 434-5000; F: (202) 434-5029
emainigi@wc.com
hconley@wc.com
bhazelwood@wc.com

For Matters in New York:
WILLIAMS & CONNOLLY LLP
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Omnicare, Inc. and
CVS Health Corporation*

By: _____

Douglas P. Dehler (*pro hac vice*)
Laura J. Lavey (*pro hac vice*)
John R. Schreiber (*pro hac vice*)
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 East Wisconsin Avenue, Suite 1400
Milwaukee, Wisconsin 53202-4870
Phone: (414) 276-5000
Fax: (414) 276-6581
Doug.Dehler@wilaw.com
Laura.Lavey@wilaw.com
John.Schreiber@wilaw.com

MAHANY LAW
Brian H. Mahany (*pro hac vice*)
Tim Granitz (*pro hac vice*)
8112 W. Bluemound, Suite 101
Milwaukee, WI 53213
Phone: (414) 258-2375
Fax: (414) 777-0776
brian@mahanylaw.com
tgranitz@mahanylaw.com
*Attorneys for Relator*

DAMIAN WILLIAMS
United States Attorney for the Southern
District of New York

By: _____

MÓNICA P. FOLCH
JENNIFER JUDE
SAMUEL DOLINGER
LUCAS ISSACHAROFF
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. (212) 637-2800

16

DATED: 11/24, 2021
New York, New York

SO ORDERED.

_____

HON. COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
CALIFORNIA, COLORADO,
CONNECTICUT, DELAWARE, FLORIDA,
GEORGIA, HAWAII, ILLINOIS, INDIANA,
IOWA, LOUISIANA, MASSACHUSETTS,
MICHIGAN, MINNESOTA, MONTANA,
NEVADA, NEW JERSEY, NEW MEXICO,
NEW YORK, NORTH CAROLINA,
OKLAHOMA, RHODE ISLAND,
TENNESSEE, TEXAS, VERMONT,
VIRGINIA, WASHINGTON, WISCONSIN,
and the DISTRICT OF COLUMBIA
*ex rel.* URI BASSAN,

   Plaintiffs,

   v.

OMNICARE, INC.,

   Defendant.

Case No. 15-CV-4179 (CM)

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

OMNICARE, INC. and CVS HEALTH CORP.,

   Defendants.

## EXHIBIT A

I, _____ [name], of _____

_____ [business or home address],

hereby certify that I have read the Protective Order entered into in the above-captioned case on

_____ [date]. I agree to be bound by the terms of that Order and

18

comply with those terms. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Southern District of New York with respect to any proceedings related to the enforcement of that Order, including any proceeding related to contempt for noncompliance with that Order.

Date: _____

_____

[Signature]