UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____             │
│ DATE FILED: 1/7/2022             │
└─────────────────────────────────┘
```

UNITED STATES OF AMERICA, et al. ex rel. URI BASSAN,

            Plaintiffs,

    v.

OMNICARE, INC.,

            Defendant.

No. 1:15-cv-04179

UNITED STATES OF AMERICA,

            Plaintiff,

    v.

OMNICARE, INC. and CVS HEALTH CORP.,

            Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

McMahon, J.:

Defendants Omnicare, Inc. ("Omnicare") and CVS Health Corp. ("CVS," together "Defendants") move this Court to transfer this False Claims Act ("FCA") case to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 97). The basis for this request is that, in Defendants' view, discovery has revealed that the Southern District of Ohio is "the center of gravity" for this case. (Dkt. No. 98 ("Br.") at 2). Defendants argue that Omnicare's headquarters are outside of Cincinnati and thus "the locus of operative facts" of the alleged "corporate-wide schemes" are where the corporate officers and staff "are all located" (in Ohio). (*Id.* at 17). Defendants also argue that the Southern District of Ohio is "far more convenient for witnesses"

1

and "more convenient for the parties" (*id.* 13-14, 16) and "transfer is efficient and in the interests of justice" because "The Court has not yet entered a scheduling order or adjudicated any discovery-related dispute" in this case and "Defendants promptly sough transfer." (*Id.* 19-20).

The United States of America (the "United States" or the "Government") opposes the motion. (Dkt. No. 103 ("Opp.")). The Government opposes on the basis that this "nationwide" case challenges "systemic dispensing practices across more than 140 Omnicare pharmacies" in 47 different states, including New York, from 2010-2018; thus, the Government argues, Ohio is not in fact the "locus of operative facts." (*Id.* at 1-2). The Government points out that Ohio is also not more convenient for witnesses, as only 11 witnesses are in Ohio, while over 60 are in New York, and hundreds of others are located throughout the country. (*Id.*). In addition, CVS, which acquired Omnicare in 2015 and has overseen Omnicare operations since, is headquartered in Rhode Island. (*Id.*). The Government points out that this Court "has overseen the pre-intervention investigation and subsequent litigation for the past six years" including adjudicating a motion to dismiss, and it would not be efficient or just to transfer this case to Ohio now. (*Id.*).

For the following reasons, Defendants' motion to transfer is DENIED.

## STANDARD

A district court may, in its discretion, "transfer any civil action to any other district or division where it might have been brought," in such cases where transfer is warranted "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

The party moving to transfer venue carries the "burden of making out a strong case for transfer," and must demonstrate that transfer is proper by "clear and convincing evidence." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (quotation marks omitted). The moving party must establish "1) that the action is one that 'might have been brought' in the district to which the movant seeks to have it transferred, and 2) that transfer is appropriate based on the convenience of the parties, the convenience of witnesses, and the interests of justice." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F.Supp.2d 391, 400–01 (S.D.N.Y.2004).

In determining whether to transfer venue under § 1404(a), "courts employ an individualized, case-by-case consideration of convenience and fairness." *Id.* at 401 (internal citations omitted). This determination is within the "sound discretion" of the district court. *Id.*

## DISCUSSION

The parties agree that the case "could have been brought in the Southern District of Ohio." (Br. 10; Opp. 6). As the transferee court would have had both subject matter jurisdiction and personal jurisdiction over Defendants and venue would be proper in the Southern District of Ohio, the first step of this Court's inquiry is settled.

As to the second step, the Court must determine if transfer is appropriate based on at least the following seven factors set forth by the Second Circuit: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). The Court may also consider "Trial efficiency and the interest of justice . . . in a § 1404(a) transfer

analysis," which can "be determinative in a particular case." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 397 (S.D.N.Y. 2014).

"There is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 561 (S.D.N.Y.2000). "Instead, weighing the balance is essentially an equitable task left to the Court's discretion." *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367, 395 (S.D.N.Y.2006) (internal quotations and citation omitted). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Aerotel, Ltd. v. Sprint Corp.*, 100 F.Supp.2d 189, 197 (S.D.N.Y.2000) (internal quotations and citation omitted).

Here, the factors do not weigh strongly enough in favor of transfer.

### 1.  The Plaintiffs' Choice of Forum

The plaintiff's choice of forum is generally entitled to deference, unless "the plaintiff does not reside in the district." *See Verzani v. Costco Wholesale Corp.*, 641 F. Supp. 2d 291, 302 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 50 (2d Cir. 2010).

In this case, I give no weight to plaintiff's choice of forum. This case began as a *qui tam* action filed in this District in June 2015 by Relator Uri Bassan, a New Mexico resident. The Government investigated Bassan's complaint, and in December 2019, the Government filed its complaint against Defendants in this District and took over the litigation of Bassan's federal FCA claims. The Defendants argue that the Government's choice of forum is entitled to no deference because the "government merely adopted Bassan's forum" (Br. 12), and the Government itself "is not located in any particular forum." (Dkt. No. 105 ("Reply"), at 2; Br. 16 ("The government is no more present in this District than any other district."). Defendants are correct that neither Bassam nor the Government are uniquely at home in this forum. Plaintiff's choice of forum is not entitled to particular deference in this case.

## 2.  The Convenience of Witnesses

"Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F.Supp.2d 370, 373 (S.D.N.Y. 2006) (internal citation omitted). Moreover, "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses." *Indian Harbor Ins., Co. v. Factory Mut. Ins. Co.*, 419 F.Supp.2d 395, 402 (S.D.N.Y. 2005) (internal citations omitted). When weighing this factor, "a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Herbert Ltd. Partnership v. Electronic Arts Inc.*, 325 F.Supp.2d 282, 286 (S.D.N.Y.2004); *accord Fuji Photo Film Co., Ltd.*, 415 F.Supp.2d at 373.

In its initial disclosures in May 2021, the Government identified 65 potential witnesses in New York (Opp. 9, 14); by contrast, the Defendants emphasize 11 witnesses that work at the Omnicare headquarters in Ohio, some of whom reside, admittedly, in Northern Kentucky. (*Id.* at 13; Br. 4-6). Defendants claim these 11 witnesses are the most important "material witnesses" in the case because the Government "alleged a corporate-wide practice" run out of Omnicare's corporate headquarters and each of these witnesses worked there. (*See* Br. 14). Defendants repeatedly gloss over the fact that Omnicare's co-defendant, CVS, is headquartered in Rhode Island, where there are presumably other material witnesses. (Opp. 13-14).

The Government argues that there are witnesses located in New York, in Rhode Island, and in many other districts outside of Ohio: Defendants acknowledge that the Government has identified "nearly 10,000 individuals with knowledge relevant to this case" and "thousands of other pharmacy employees across the country" (*id.* at 15); the Government adds that these witnesses include individuals working in 147 pharmacies "that dispensed drugs without valid prescriptions"

and in "3,242 facilities that received those drug dispensations" in 47 different states, including a number of witnesses in California, Texas, Pennsylvania, and others. (*Id.* 2, 10, 13-14).

The Court is not convinced that Ohio is in any way more convenient to the witnesses than New York – or any other state. While the 11 witnesses associated with the corporate headquarters in Cincinnati may very well be important witnesses, they are far from the only witnesses in what is a massive FCA case spanning 47 different states. The Court finds that balancing the importance of the witnesses in Ohio and the fact that the headquarters of one of the co-defendants is in Ohio, against the remaining witnesses located across the country, including 65 in New York, and the fact the other co-defendant's headquarters is in Rhode Island, this factor is at the very least balanced, weighing neither in favor of or against transfer.

### 3. Convenience of the Parties

The Defendants acknowledge that "no forum exists in which all parties are resident" but argue that "the Southern District of Ohio is more convenient [for the parties] than this District because it is home to Omnicare," one of the defendants in this case. (Br. 16). The Government counters that "'the movant has an extensive nationwide network' of operations," and in such a case, "'the scale tilts slightly in favor of the nonmovant.'" (Opp. 19) (quoting *Aerotel, Ltd.*, 100 F. Supp. 2d at 197). The Court agrees. Defendants have not convinced the Court why Ohio is particularly convenient for the parties where it is home to only one party in this case and where, as the Government points out, Omnicare is a sprawling nationwide company, which has become the basis of this nationwide FCA case.

### 4. Locus of Operative Facts

Defendants' argument that Ohio is the "locus of operative facts" rests again on the fact that Omnicare's headquarters are there. (Br. 17-18). The Government counters again that this is a nationwide case with no "'one location that is the center of gravity of the litigation.'" (Opp. 12

(quoting *Pippins v. KPMG LLP*, No. 11 Civ. 0377 (CM), 2011 WL 1143010, at *5 (S.D.N.Y. Mar. 21, 2011)). The Government argues that there are "hundreds of thousands of false claims seeking payments for drugs dispensed without valid prescriptions by thousands of Omnicare employees at 147 pharmacies located around the country, in numerous judicial districts within 47 states." (Opp. 12). The Court again agrees with the Government. The false claims in this case are geographically dispersed, and the alleged scheme is a nationwide one that was undertaken not only in Ohio but unraveled in pharmacies in Districts across the country. The factor weighs against transfer.

### 5.  Trial Efficiency and the Interests of Justice.

The Defendants also argue that trial efficiency and the interests of justice weigh in their favor here. That is unquestionably not the case – and this factor is determinative.

On efficiency, "courts generally find that the farther along a case is in the litigation process, the less efficient a transfer would be." *Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 441 (S.D.N.Y. 2018). The Government points out that this case has been before this Court since 2015, the Court has adjudicated a motion to dismiss in favor of the Government, and discovery has begun: "both sides have served multiple discovery requests," "the Government served a Rule 30(b)(6) notice of deposition," and "document productions have begun" pursuant to the terms of a protective order entered in November 2021. (Opp. 1, 7). The Government also points out that Defendants' timing on its motion to transfer is particularly suspect, as they first bring this motion after they lost their motion to dismiss. (*See* Opp. 8-9; *see also* Dkt. No. 89).

Defendants acknowledge that this case is already in the discovery phase, but argue that discovery is in its "infancy" because the Court has not entered any scheduling order or had to adjudicate any discovery disputes. (*See* Br. 9, 19). But this case is not in its "infancy." (*See* Br. 9, 19). While the cases cited by the Government in which the court decided that transfer would be

were further along than this one, in that discovery either had completed or was near completion, this case has been pending in this district for over six years; the Court has "decided . . . dispositive motions" and is "familiar" with the case; and discovery is well under way – all factors suggesting that transfer would be inefficient. *See Starr Indem.*, 324 F. Supp. 3d at 442; *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 47 (D.D.C. 2011); *Haber v. ASN 50th St., LLC*, No. 10 Civ. 3536 (VM) (JLC), 2011 WL 1226282, at *2 (S.D.N.Y. Mar. 30, 2011).

Neither do the interests of justice favor a transfer. This case was unsealed more than two years before the motion to transfer was made. Omnicare did not just discover that its headquarters are located in the Southern District of Ohio; it has known that all along. Yet it did not move to transfer as soon as real litigation began; it was content to litigate in this district until it suffered a significant litigation defeat in this court. I am not at all inclined to give away a case into which I have invested so much time; I cannot take seriously a motion to transfer that was not made as soon as this case was unsealed. Moreover, since the Ohio-based Omnicare allegedly perpetrated the alleged "nationwide fraud" from Cincinnati (*See* Br. 19), I cannot see that Ohio has any "interests of justice" claim to assert that is superior to the "interests of justice" of any of the other states impacted by the alleged fraud.

This factor weighs heavily against transfer; in the opinion of the court, is decisive.

### 6. All the Remaining Factors Are Neutral

*The Location of Relevant Documents and Relevant Ease of Access to Sources of Proof.* Both Defendants and the Government agree that this factor is neutral (Br. 20; Opp. 21). The Government points out that "'In an era of electronic documents, easy copying and overnight shipping,' the consideration of the location of documents 'assumes much less importance than it

did formerly.'" (Opp. 21 (quoting *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008)). The Government further points out that Omnicare has already "searched for and produced more than 100,000 pages of documents" in this case. (*Id.*). This Court agrees that the location of documents and ease of access to sources of proof is neutral in this case.

*Availability of Process to Compel Attendance of Unwilling Witnesses.* The parties agree that this factor is neutral. (Br. 20; Opp. 21-22). Defendants acknowledge, "Defendants are not aware of any need for compulsory process" (Br. 20) and the Government adds "[b]ecause the FCA provides for nationwide service of trial subpoenas, all prospective witnesses will be available for trial in either district." (Opp. 21 (alternations in original)). The Court agrees this factor is neutral.

*Relative Means of the Parties.* Both Defendants and the Government agree that the factor of the parties' relative means is neutral. (Br. 20; Opp. 22). This Court agrees.

***

In weighing the factors above, this Court finds that no factor tips "the balance . . . strongly in favor of the defendant[s]," while several factors favor plaintiff and one factor tips decidedly in favor of the case's remaining here. For these reasons, the plaintiff's choice of forum will not be disturbed. *See Aerotel, Ltd.*, 100 F.Supp.2d at 197.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to transfer this case is DENIED.

This constitutes the decision and order of this Court. It is a written decision.

The clerk is directed to close the open motion at Docket Number 97.

Dated: January 7, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL