U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 20, 2022

**By ECF**
Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States ex rel. Bassan et al. v. Omnicare, Inc. & CVS Health Corp.*,
             15 Civ. 4179 (CM) (VF)

Dear Judge Figueredo:

      We write respectfully on behalf of the United States, the plaintiff in a nationwide case alleging that 147 Omnicare pharmacies dispensed hundreds of thousands of drugs without valid prescriptions to elderly and disabled individuals living in thousands of residential long-term care facilities. Dkt. 17 ("Compl.") ¶¶ 1-14, 101-84, 238-48. This case concerns conduct at both Omnicare's headquarters, which set ineffective policies and procedures that allowed for illegal dispensing, and at Omnicare's individual pharmacies, which operated under constant pressure to dispense huge volumes of drugs, did not effectively review prescriptions to determine legal validity, and, as a result, regularly dispensed drugs based on expired or otherwise invalid prescriptions. *Id.* ¶¶ 101-84, 188-225. The Government seeks an order pursuant to Federal Rule of Civil Procedure 37(a) compelling Omnicare to produce pharmacy-specific communications, documents, and testimony concerning the dispensing practices of a fraction of Omnicare's 147 pharmacies. This discovery is proportionate to the needs of this case and consistent with the Court's September 8, 2022 discovery order.

      On May 10, 2021, the Government requested communications and other documents regarding dispensing standards and practices at each individual Omnicare pharmacy, including dispensing goals or quotas imposed on pharmacy employees. *See* Ex. A, RFPs 9, 11, 13, 23, 28. On June 10, 2021, the Government served a Notice of Deposition under Federal Rule of Civil Procedure 30(b)(6) seeking testimony regarding, among other topics, individual pharmacy dispensing practices. Ex. B, Rule 30(b)(6) Notice.

      On July 20, 2022, in response to burden objections made by Omnicare, the Government proposed a subset of 31 pharmacies—out of 147 pharmacies—that would be subject to the pharmacy-specific discovery requested by the Government (the "Sample Pharmacies"). In other words, the Government proposed seeking discovery from just 21% of the pharmacies alleged to have dispensed drugs without valid prescriptions in this litigation. On September 10 and September 13, 2022, the Government proposed that Omnicare produce: (1) communications from 30 Omnicare pharmacy custodians relating to pharmacy dispensing practices; (2) the dispensing policies and procedures for the Sample Pharmacies; (3) complaints relating to dispensing practices at the Sample Pharmacies; and (4) Rule 30(b)(6) testimony on certain agreed-upon topics concerning only 10 of the Sample Pharmacies. The Government also sent Omnicare a list of 30 proposed pharmacy custodians, along with 22 proposed search terms.

On September 13, 2022, Omnicare rejected wholesale the Government's proposed pharmacy-level custodians and search terms. With respect to other pharmacy-level discovery, Omnicare represented that it would agree to produce pharmacy policies and procedures, as well as any complaints from centralized pharmacy repositories, for only ten Omnicare pharmacies. Further, Omnicare agreed to provide Rule 30(b)(6) testimony, but only as to three Omnicare pharmacies.

The pharmacy-specific communications, documents, and testimony sought by the Government are central to this case and Omnicare does not dispute their relevance. "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013); *see also Hicks v. Leslie Feely Fine Art, LLC*, No. 20 Civ. 1991, 2021 WL 3617208, at *4 (S.D.N.Y. Aug. 13, 2021). But "general and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Id.* (quoting *Melendez v. Greiner*, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)).

Omnicare has failed to meet its burden to demonstrate undue burden, as it has resisted pharmacy-level discovery using boilerplate language claiming overbreadth, burden, and disproportionality alone. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13 Civ. 2581, 2019 WL 3334503, at *12 (S.D.N.Y. July 25, 2019) ("Defendants' objections are vague and improper. They have not even attempted to explain why plaintiffs' requests are overly broad or unduly burdensome or not relevant." (citing *Fischer v. Forrest*, No. 14 Civ. 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017)).

The modest pharmacy-specific discovery sought relating to the dispensing practices of fewer than one-third of the pharmacies at issue in this case is plainly proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). The Government has alleged that Omnicare, the largest long-term care pharmacy in the country, operated more than 140 pharmacies that dispensed hundreds of thousands of drugs to elderly and disabled individuals at thousands of residential facilities—in violation of federal and state law—and fraudulently billed Medicare, Medicaid, and TRICARE for those illegal dispensations. Compl. ¶¶ 1-14, 101-84, 238-48. Discovery relating to the dispensing practices at a small subset of Omnicare's 147 pharmacies is indisputably relevant to this case. That is especially true where Omnicare itself has said that pharmacy employees are "ultimately responsible" for the dispensing practices at issue in this case. Ex. C, Responses to Interrogatories 1-5, 9.

In light of this, discovery consisting of electronic communications of 30 Omnicare pharmacy custodians (out of more than 13,000 total relevant Omnicare pharmacy employees); policies, procedures, and complaints relating to dispensing practices of 31 Omnicare pharmacies (out of more than 140 Omnicare pharmacies)[1]; and Rule 30(b)(6) testimony relating to 10 Omnicare pharmacies is proportional.

---

[1] Indeed, during the September 7, 2022 conference, the Court stated that the Government's request for pharmacy dispensing policies and procedures "doesn't sound like a huge request." Ex. D, Tr. 24.

Additionally, Omnicare's refusal to provide the requested pharmacy-specific discovery contravenes the Court's September 8, 2022 discovery order. In that order, the Court set a deadline for this very discovery, ordering Omnicare to produce "electronically stored information relating to the operations, practices, and procedures of a subset of Omnicare's pharmacies" by January 20, 2023. Dkt. 121 at 3. That order also limits the Government to "30 ESI pharmacy custodians." *Id.* Despite the fact that the Court's language clearly specifies that the Government is entitled to ESI from a subset of individual Omnicare pharmacies and that the custodian limitation applies to "ESI pharmacy custodians" only, Omnicare has interpreted that language to limit the Government to 30 headquarters custodians—and to permit the Government zero pharmacy custodians. Omnicare's interpretation of the discovery order is wrong.

The order specifically refers to "30 ESI pharmacy custodians." Dkt. 121. This is not vague; it means that the Government is limited to "30 ESI pharmacy custodians." Nevertheless, Omnicare points to the Court's statement during the conference that "30 is enough" to argue that the Court intended to limit the Government to 30 custodians in total.[2] Ex. D, Tr. 34-35. But that statement does not support Omnicare's claim, as was made in direct response to the parties' representations regarding their agreement with respect to 30 headquarters custodians and their dispute regarding "a handful" of other proposed headquarters custodians. *See Id.* at 33-34. The Government's request for ESI communications from 30 pharmacy custodians is precisely what the Court's discovery order provides.

For these reasons, the Government respectfully requests an order compelling Omnicare to produce: (1) communications from 30 pharmacy custodians relating to pharmacy dispensing practices, including what steps pharmacies took to ensure it dispensed drugs only pursuant to valid prescriptions; (2) pharmacy policies and procedures also relating to pharmacy dispensing practices, for the 31 Sample Pharmacies; (3) complaints that pharmacies dispensed drugs pursuant to invalid prescriptions for the 31 Sample Pharmacies; and (4) Rule 30(b)(6) testimony on certain agreed-upon topics, including pharmacy dispensing practices, concerning 10 of the Sample Pharmacies.

**MEMO ENDORSED**
/s/ Valerie Figueredo
HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: 9-21-2022

The issues raised in this letter motion will be addressed at the October 13, 2022 discovery conference. Any response to this letter motion shall be filed no later than Friday, September 30, 2022, and any other disputes the parties wish to address at the conference should be raised in a joint letter to the Court filed no later than Tuesday, October 11, 2022 (see ECF Nos. 123, 125). SO ORDERED.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s/ Mónica Folch
      MÓNICA P. FOLCH
      JENNIFER JUDE
      SAMUEL DOLINGER
      LUCAS ISSACHAROFF
      STEPHEN CHA KIM
      Assistant United States Attorneys
      (212) 637-2800

cc: All counsel by ECF

---

[2] Even Omnicare disagrees that 30 custodians total is sufficient for this case, having sought communications for more than 40 Government custodians on September 9, 2022.