LAW OFFICES

# WILLIAMS & CONNOLLY LLP®

BENJAMIN N. HAZELWOOD
(202) 434-5159
BHazelwood@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: 9-21-2022

The issues raised in this letter motion will be addressed at the October 13, 2022 discovery conference. Any response to this letter motion shall be filed no later than Friday, September 30, 2022, and any other disputes the parties wish to address at the conference should be raised in a joint letter to the Court filed no later than Tuesday, October 11, 2022 (see ECF Nos. 123, 125). SO ORDERED.

September 20, 2022

<u>Via ECF</u>

Hon. Valerie Figueredo
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States ex rel. Bassan et al. v. Omnicare, Inc. and CVS Health Corp.*,
        15 Civ. 4179 (CM)

Dear Judge Figueredo:

I write on behalf of Defendants pursuant to the Scheduling Order (Dkt No. 121) and § II.c.2 of the Court's Individual Practices concerning six disputes related to the government's discovery responses.

As background, the government's claims in this case depend on its (inaccurate) beliefs that Omnicare, Inc. ("Omnicare") dispensed prescription medications to residents of long-term-care facilities based on documentation that was improper under applicable state laws, and that federal healthcare agencies would have refused to pay for prescriptions based on such documentation because they would have found the use of it to be "material." Dkt. No. 17, Gov't Compl. ¶¶ 249–257. Omnicare contests both of the government's premises—the alleged dispensing and documentation practices did not actually violate state law and the federal healthcare agencies routinely accept and encourage pharmacies to rely on the precise documentation the government claims those agencies would have rejected. For this reason, Defendants' discovery in this case focuses on the actions, understandings, and audit practices of the Centers for Medicare & Medicaid Services ("CMS") and the Defense Health Agency ("DHA"). The government has attempted to stymie Defendants' inquiry into these matters in six ways.

*First*, the government refuses to review emails from two custodians the government itself identified as having responsive documents by virtue of their work at Express Scripts, Inc., DHA's auditor for the TRICARE program. The government claims to be unable to collect these because Chapter 2, Section 2 of the Tricare Operations Manual does not specifically list DHA audit contractor communications as records that "shall be maintained by all contractors, regardless of media." But the government has admitted it has possession, custody, or control over documents nominally possessed by Express Scripts that relate to Express Scripts' work as a government

WILLIAMS & CONNOLLY LLP®

September 20, 2022
Page 2

contractor conducting DHA's audits. The government has represented that it can and will produce non-email documents from Express Scripts. That alone should be dispositive of the government's "practical ability to obtain" the documents for purposes of Rule 34. *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146–47 (S.D.N.Y. 1997); *accord In re Application of Bloomfield Inv. Res. Corp.*, 315 F.R.D. 165, 168 (S.D.N.Y. 2016).

Nor has the government responded to Defendants' citation (on August 31, 2022) of authority specifically holding that government agencies have the practical ability to obtain documents nominally held by other entities to whom the government outsources government functions. *See Rosie D. v. Romney*, 256 F. Supp. 2d 115, 119 (D. Mass. 2003); *see also In re Zyprexa Prods. Liability Litig.*, 254 F.R.D. 50, 57–58 (E.D.N.Y. 2008). Instead, the government offered to subpoena Express Scripts for the government's own auditors' emails. But when Defendants asked the government to certify that this production would follow the same parameters as the government's email review and that any deficiencies would carry with them the same potential sanctions as a deficiency in any other type of party discovery, the government refused. Because the government has possession, custody, or control over the emails of DHA's own auditors, the Court should order the government to review and produce emails from the two Express Scripts affiliated custodians it identified.

*Second*, the government also refuses to review emails from the following custodians: Linda Anders, Darlene Anderson, Dawn Arnold, Lauren Cannon, Joanne Davis, Stacey Davis, Brian Dyson, Yaakov Feinstein, Chrissy Fowler, Julie Gover, Jennifer Harlow, Whitney Johnson, Gwendolyn Lennon, Gabriella Lombardi, Benjamin Moll, Kellie Simons, Jodi Sullivan, Shannon Ward, Henry Gibbs, Marcy Opstal, and Laura Nicole Williams. Defendants proposed those individuals as custodians because (1) many are listed in the government's interrogatory responses as having relevant knowledge concerning the government's practices related to audits concerning the prescription-documentation issues that form the core of the government's case, and (2) all are listed on the government's initial disclosures as individuals with knowledge the government "may use to support its claims." Fed. R. Civ. P. 26(a)(1). That is ample reason to add those individuals as custodians. *See Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery" and party seeking additional custodians need only articulate that custodians have unique, relevant knowledge) (quotation marks omitted).

On September 19, 2022, the government informed Defendants that it will be amending its initial disclosures to provide detail about the knowledge of some witnesses and to remove others altogether. The government has not yet done so. Nor has the government articulated any basis for refusing to review the emails of the individuals that Defendants have identified. To the extent that the government now claims—contrary to its disclosures and interrogatory responses—that one or more of those individuals do not have any relevant or unique knowledge, the government should be required to explain this to justify refusing to review their emails.

*Third*, the government has not responded to the search terms Defendants proposed for the government's review of emails. Although Defendants had been requesting that the government

WILLIAMS & CONNOLLY LLP®

September 20, 2022
Page 3

identify proposed custodians for months, it was not until August 25, 2022 that the government finally identified any custodians (and not until September 14, 2022 that the government identified custodians for all of the relevant entities). Having received these custodians, Defendants proposed a set of search terms to the government on September 12, 2022, a list of which are attached as Exhibit 1. The government has repeatedly promised to provide a hit report reflecting the application of those search terms to the selected email custodians, but has not done so. To ensure that the government's email review is completed by the December 5, 2022 deadline, Defendants request that the Court order the government to use Defendants' search terms.

*Fourth*, the government has agreed to produce documents concerning DHA audits, but its proposal is designed to capture only audits that result in a finding that something in a pharmacy's claim or documentation was deficient. The government accomplished this by proposing to search for and produce only audits that have a final "discrepancy code," knowing that audits that accepted the documentation or explanation provided would never have such a code. The Court should order the government to review and produce DHA audits using a method that would capture audits that accept a pharmacy or health plan's documentation or explanation, not just those that reject them.

*Fifth*, on May 13, 2021, Defendants served RFP No. 1, which sought production of documents the government received from any third party during the government's investigation. *See* Ex. 2 (First Set of RFPs). The government purported to produce such documents earlier this year, but the government's production includes multiple third-party bates ranges that are incomplete. The Court should order the government to certify that it has produced all documents received during its investigation that are responsive to RFP No. 1. If the government cannot do so, the Court should order it to produce those documents immediately.

*Sixth*, Defendants' RFPs Nos. 20–25 and 28–29 seek documents from CMS or DHA concerning certain specific prescription-dispensing and prescription-documentation topics. *See* Ex. 3 (Second Set of RFPs). The government initially objected that these requests were overly broad, and Defendants accordingly agreed to narrow these RFPs to encompass documents reflecting CMS or DHA views or instructions concerning how each of the topics *should* be handled. The government agreed to this narrowing, only to later claim that neither CMS nor DHA have any documents responsive to the narrowed requests at all. When pressed, the government changed course and claimed that although DHA does not have any responsive documents, CMS may have documents responsive to one or more of these RFPs. Defendants have asked the government to confirm (1) which RFPs CMS will be producing documents in response to, and (2) that both CMS and DHA will search both email files and non-email documents for documents responsive to each of these RFPs. To date, the government has not confirmed either point.

Thank you for your attention to these matters. We are available to discuss them further at the Court's convenience.

WILLIAMS & CONNOLLY LLP

September 20, 2022
Page 4

                                                  Sincerely,

                                                  Benjamin N. Hazelwood