

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 2, 2023

By ECF
Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *United States ex rel. Bassan et al. v. Omnicare, Inc. & CVS Health Corp.*,
            15 Civ. 4179 (CM) (VF)

Dear Judge Figueredo:

      We write respectfully on behalf of the United States to seek an order compelling Omnicare to produce information that will allow the Government to correlate the patients and dispensations in the claims data Omnicare produced on January 20, 2023, to the patients and dispensations in the dispensing data that Omnicare produced at the end of last year. As produced, the claims data does not include identifying information that would allow the Government to reliably match the data for specific payment claims with the corresponding drug dispensations in the dispensing data.[1] In particular, the claims data does not include information such as patient names, addresses, or social security numbers that could be used to identify particular patients. As a result, the Government has been unable to reliably identify the claims data associated with the 900 patients the Government has identified as its sample for examination by the Government's pharmacy expert.

      As discussed in the Government's January 11, 2023 letter to the Court, the claims data is essential to the Government's case. (*See* Dkt. 173.) In particular, the Government has requested, and Omnicare has agreed to produce, claims data for a sample of approximately 100,000 dispensations to 900 individuals, which the Government's pharmacist expert will examine in order to offer an opinion on the frequency with which Omnicare dispensed drugs without valid authorization. Specifically, the claims data is critical to identifying prescriptions within the more than 100,000 pages of prescription documentation Omnicare produced and determining whether information about the dispensations was accurately reported when Omnicare sought payment from the Government. The Government's expert cannot do this without being able to match the claims data to the corresponding dispensations made to the 900 sample patients.

---

[1] The dispensing data Omnicare produced in October, November, and December 2022, identifies the universe of relevant dispensations in this case and contains information from Omnicare's computer dispensing systems about each dispensation and about the patient to whom the dispensation was made. The claims data contains Omnicare's representations to Government payors regarding the same dispensations, and the prescriptions that purportedly authorized them, including a unique identifier for every prescription, the date of the prescription, the number of times the prescription was filled, and the manner in which a prescription was transmitted to the pharmacy.

As the Court is aware, Omnicare was originally obligated to produce the claims data on December 14, 2022. (Dkt. 152.) However, after Omnicare failed to produce complete and accurate dispensing data identifying the relevant universe of patients and dispensations in this case, Omnicare sought and received an extension of its deadline to produce the correlating claims data for the same universe of patients and dispensations. The deadline was extended until January 9, 2023. (Dkt. 167.) On the January 9 deadline, Omnicare sought a second extension to produce "claims data regarding medication dispenses contained in dispensing data," on the ground that Omnicare "discovered that the logic that was used to match prescriptions from the dispensing data to the corresponding claims data missed certain claims that should have been included." (Dkt. 171.) The claims data Omnicare ultimately produced on January 20, 2023 included more than 92 million rows of data. However, it did not include information that would allow the Government to reliably or consistently "match" the more than 92 million rows in the claims data to the approximately 65 million rows of dispensing data previously produced by Omnicare.

The Government has asked Omnicare to provide information to enable it to correlate the claims data to the patients and dispensations in the Omnicare dispensing data. However, Omnicare has declined to provide this information. On January 26, 2023, the Government informed Omnicare that it had "encountered significant problems" with the claims data, asked several questions about that data, and requested to meet and confer to discuss the issues. (Ex. A at 5-6.) In response, Omnicare provided vague, unhelpful answers to a subset of the questions asked, and ignored multiple requests to meet and confer. (*Id.* at 4-6.) The Government then pointedly requested that Omnicare provide "information enabling the Government to clearly identify which lines in the claims data correspond to the 900 sample patients." (*Id.* at 2-3.) Omnicare refused. (*Id.* at 1-2.)

Omnicare appears to claim that it is under no obligation to provide the requested information. (Ex. A at 1-3.) Omnicare is wrong. Omnicare must provide information to correlate the claims data with specific patients and dispensations because without it, the claims data is deficient. Omnicare agreed to provide claims data for the relevant universe of dispensations at issue in this case, which universe was determined by reference to the dispensing data. Without information allowing the Government to correlate the two datasets and identify the relevant patients and dispensations within the claims data, Omnicare's production is plainly incomplete.[2] Significantly, Omnicare has not claimed that it would be burdensome to provide the information.

Omnicare's consistent failures to provide complete and accurate data have already caused significant delays in the Government's ability to conduct its expert analyses. (*See* Dkt. 173.) These delays are compounded by Omnicare's refusals to meet and confer with the Government to discuss problems with its data.

---

[2] Omnicare argues that Federal Rule of Civil Procedure "34 does not require Omnicare to create a new document that does not exist." (Ex. A at 1.) But that is irrelevant. Omnicare has already undertaken to respond to the Government's request for production of claims data by creating a document that did not previously exist, using "logic" to "match prescriptions from the dispensing data to the corresponding claims data." (Dkt. 171.) Thus, Omnicare has already undertaken to create a document to respond to the request. It just decided to omit essential identifying information from that document before producing it to the Government.

The Government requests an order compelling Omnicare to immediately produce information that will allow the Government to correlate the patients and dispensations in the claims data Omnicare produced on January 20, 2023, to the patients and dispensations in the dispensing data that Omnicare produced at the end of last year. And because Omnicare's failure to provide this information has the direct effect of delaying the Government expert pharmacist's analysis of the claims data, the Government further requests that its deadline to produce the expert reports of its pharmacy and statistical experts be extended by the same number of days Omnicare has failed to produce this essential identifying information (*e.g.,* from January 20, 2023 until the date that the requested information is provided).

We thank the Court for its consideration of this request.

>  Respectfully submitted,
>
>  DAMIAN WILLIAMS
>  United States Attorney
>
> By:   /s/ Mónica Folch
>  MÓNICA P. FOLCH
>  JENNIFER JUDE
>  SAMUEL DOLINGER
>  LUCAS ISSACHAROFF
>  STEPHEN CHA KIM
>  Assistant United States Attorneys
>  (212) 637-2800

cc: All counsel by ECF

---

SO ORDERED

*[signature]*

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 2-3-2023

A discovery conference is hereby scheduled for **Wednesday, February 8, 2023 at 3:00 p.m.** Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. **Please dial (888) 808-6929; access code 9781335.** Any response to the Government's letter motion to compel (ECF No. 184) is due by no later than **Monday, February 6, 2023 at 5:00 p.m.**