**U.S. Department of Justice**

*United ...*
*South...*

*86 Char...*
*New Yo...*

Febru...

By ECF
Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 2-17-2023

Omnicare is directed to respond to the Government's letter motion (ECF No. 189) by Tuesday, February 21, 2023. Any reply by the Government is due by no later than Friday, February 24, 2023 at 5:00 p.m. The Court will address this issue at the conference scheduled for Tuesday, February 28, 2023 at 2:30 p.m.

Re:     *United States ex rel. Bassan et al. v. Omnicare, Inc. & CVS Health Corp.*,
        15 Civ. 4179 (CM) (VF)

Dear Judge Figueredo:

We write respectfully on behalf of the United States to seek an order precluding Omnicare from supplying as evidence—on a motion, at a hearing, or at trial—any prescription documentation for sample dispensations that has not already been produced in discovery. Upon the Government's request, Omnicare agreed to produce by January 6, 2023 and January 17, 2023, all prescription documentation for a sample of more than 100,000 drug dispensations. Although Omnicare produced some prescription documentation by those deadlines, Omnicare recently indicated that it did not produce all such documentation within its possession, custody, or control. On February 10, 2023—without notice, and after court-ordered deadlines had passed—Omnicare produced additional prescription documentation for sample dispensations, without seeking permission from the Court.

Under Federal Rule of Civil Procedure 37(c)(1), a party that fails to timely produce information during discovery "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y. 2004). Here, Omnicare was obligated to produce all prescription documentation for the sample dispensations by court-ordered deadlines intended to provide the Government's expert sufficient time to examine and offer opinions as to the validity of the prescription documentation. Omnicare failed to comply with those deadlines. Omnicare did not seek an extension, nor has it provided any justification for its decision not to produce all such documentation within its possession, custody, or control. The Government will be prejudiced by the delayed production of prescription documentation, all of which must be examined by its pharmacy expert in order to render an accurate and reliable opinion. The Government requests that Omnicare be precluded from using or otherwise relying on any responsive prescription documentation not already produced in this case.

*Omnicare's Obligation To Produce all Prescription Documentation Within its Possession, Custody, or Control.* On May 10, 2021, the Government served Interrogatory 10, requesting that Omnicare identify the locations of all Drug Authorizations, *i.e.*, prescription documentation, for drugs dispensed by Omnicare. (Ex. A at 11.) The Government also served RFPs 3 and 4, requesting that Omnicare produce all "Drug Authorizations" for all relevant "Rollover" dispensations. (*Id.* at

13.) The Government instructed Omnicare to "produce all responsive documents and tangible things which are in Defendant's possession, custody, or control." (*Id.* at 6.) In response to Interrogatory 10, Omnicare identified at least four locations where Omnicare maintained prescription documentation. (Ex. B at 22-23.) With respect to RFPs 3 and 4, Omnicare responded that it would "meet-and-confer with the Government" to discuss "the production of tranches of documents reflecting Drug Authorizations . . . located after a reasonable search."[1] (*Id.* at 31-32.)

After meeting and conferring, Omnicare agreed to produce all prescription documentation for sample dispensations to be identified by the Government. On April 8, 2022, Omnicare confirmed that "the documents Omnicare intends to produce in response to [RFPs 3 and 4] would be from the systems or locations identified in response to Interrogatories 10-12." (Ex. C. at 2.) At the September 7, 2022, conference before Judge McMahon, Omnicare noted that its search for responsive prescription documentation would involve "a multistep process that needs to be written" to capture "the various ways these kinds of documents may be in computer systems," as well as searching for "hard copy records" that "are not necessarily computerized." (Dkt. 127-4 at 38:22 - 39:9.)

Consistent with this, the Court ordered that "[s]upporting documentation reflecting prescriber authorizations for the identified sample dispensations from the OMNI DX system shall be produced" by December 2, 2022, and that "prescriber authorizations" for the Oasis sample be produced by January 6, 2023. (Dkt. 121 at 2.) The deadline for "Defendants to produce prescription documentation for [the] OmniDX sample" was later extended to January 17, 2023. (Dkt. 167.) Omnicare sought no further extensions. Thus, the Government understood that Omnicare would produce all prescription documentation for the sample dispensations that were within Omnicare's possession, custody, or control by the January 6 and January 17, 2023 deadlines.

*Omnicare's Unilateral Decision To Limit its January 2023 Productions to Prescription Documentation in Two Locations.* In an email dated January 13, 2023, Omnicare represented that it was "producing all documents in its document imaging system that are associated with the patients identified by the government as part of its samples. In addition, Omnicare is producing data reflecting electronic prescriptions related to those same patients." (Ex. D at 1.) On January 6, 13, and 17, 2023, Omnicare made productions of prescription documentation responsive to the Government's requests.

On January 18, 2023, the Government asked Omnicare to confirm by January 20, 2023, that, "in response to RFPs 3 and 4, Omnicare is producing all Drug Authorizations relevant to the sample dispensations that are in Omnicare's possession, custody, or control." (Ex. E at 5.) More than a week later, on January 27, Omnicare responded that "the documents Omnicare has produced in response to those RFPs are from Omnicare's document-imaging system and its e-prescription data," but said nothing about withholding responsive documents within its possession, custody, or control. (*Id.* at 4.) After further prodding, on February 10, 2023, Omnicare stated that it "cannot rule out . . . that some additional non-duplicative responsive documents exist, most likely in hard copy." (*Id.* at 2-3.) That same date, Omnicare produced 13 pages of additional prescription documentation for sample Oasis dispensations. (*Id.*)

---

[1] Omnicare has not claimed that it would be unduly burdensome to search for prescription documentation for the sample dispensations in the locations Omnicare identified as being within its possession, custody, or control.

*Omnicare's Failure To Produce Prescription Documentation for Sample Dispensations Is Prejudicial to the Government.* The Government has alleged that Omnicare has systems in place allowing its pharmacies to dispense drugs without valid prescriptions. In particular, the Government alleges that Omnicare failed to obtain current prescriptions after old ones expired. And in discovery, the Government requested prescription documentation for a sample of approximately 100,000 dispensations to offer an expert opinion on the frequency with which Omnicare dispensed drugs without valid prescriptions. As part of that analysis, the Government's expert will note all drug dispensations that are not supported by any valid current prescription.

This labor-intensive, time-consuming examination of Omnicare's dispensing requires review of a complete set of prescription documentation in Omnicare's possession, custody, or control. Omnicare cannot disregard court-ordered deadlines for the production of prescription documentation, belatedly producing additional pages of prescription documentation, while insisting that the Government's expert discovery deadlines remain unchanged. Permitting such delay tactics will unfairly prejudice the Government's ability to prepare its case-in-chief.

*Omnicare's Unilateral Decision To Limit its Production of Prescription Documentation Is Unjustified.* For over a year, Omnicare has known that responsive prescription documentation may be found in various locations within its possession, custody, or control. But until February 10, 2023, Omnicare failed to disclose that it had decided to produce responsive documents from only two of those locations. Omnicare did not consult the Government before making that decision. It did not ask the Government to agree to such a limited production. The Government did not agree to such a limited production.[2] Indeed, Omnicare has not even sought to justify its decision to limit its production in any of its correspondence with the Government. (*See* Ex. E.)

In light of this, the Government requests an order precluding Omnicare from supplying as evidence on a motion, at a hearing, or at a trial any prescription documentation for sample dispensations identified by the Government that has not already been produced in discovery. To the extent Omnicare is granted an extension of time to produce additional prescription documentation, the Government requests a corresponding extension of time to allow the Government's experts the opportunity to review and incorporate the delayed information into their expert analyses.[3]

---

[2]Omnicare points out that on January 4, 2023, in the course of discussions regarding various issues, Omnicare told the Government that it would produce prescription documentation from Omnicare's document imaging system and e-prescription data. (Ex. E at 1-4.) That is irrelevant. At that time, Omnicare did not represent that it would withhold responsive documents. Nor did Omnicare ask the Government to agree to Omnicare's withholding of responsive documents. In fact, the Government understood that Omnicare would comply with its obligation to produce all responsive documents within its possession, custody, or control. (*See* Exs. D at 3, E at 5; Dkt. 173 n.1).

[3]Although Omnicare's February 10, 2023 production of prescription documentation was made after the deadline, the Government is not seeking exclusion of those documents. The Government's principal concern is that Omnicare cannot continue to disregard court-ordered deadlines for the production of prescription documentation.

We thank the Court for its consideration of this request.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:      _/s/ Mónica Folch_
MÓNICA P. FOLCH
JENNIFER JUDE
SAMUEL DOLINGER
LUCAS ISSACHAROFF
STEPHEN CHA KIM
Assistant United States Attorneys
(212) 637-2800

cc: All counsel by ECF