

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 4-3-2023

The Government's request for an extension of the
interim deadline for the Government to complete
30(b)(6) depositions of Defendants to April 30, 2023
is **GRANTED.**

By ECF
Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States ex rel. Bassan et al. v. Omnicare, Inc. & CVS Health Corp.*,
15 Civ. 4179 (CM) (VF)

Dear Judge Figueredo:

We write respectfully on behalf of the United States to seek an extension of the interim deadline for the Government to complete Federal Rule of Civil Procedure 30(b)(6) depositions of Defendants Omnicare and CVS from April 1, 2023, until April 30, 2023. *See* Dkt. 181 (discovery order dated Jan. 17, 2023). We also respectfully request an order compelling Defendants to make all Rule 30(b)(6) witnesses available during the month of April in light of the compressed schedule in this case and the Government's approaching expert report deadlines.

As the Court is aware, the Government has made every effort to take Rule 30(b)(6) testimony of Defendants before April 1, an interim deadline we specifically requested to ensure that the Government's experts would have an opportunity to review that testimony prior to submitting their reports in May. *See, e.g.*, Dkt. 139, 211. Consistent with this, on February 10, the Government proposed dates for all of Omnicare's Rule 30(b)(6) deposition testimony between March 10 and 24, and for CVS's Rule 30(b)(6) deposition testimony by March 31. *See* Ex. A. Since then, the Government has repeatedly requested that Defendants designate witnesses and provide information about those witnesses' locations and scheduling availability.

On March 29, for the first time,[1] Omnicare provided witness designations, locations, and scheduling availability for its Rule 30(b)(6) testimony. *See* Ex. B at 4-5. Omnicare proposed that the majority of the pharmacy-level Rule 30(b)(6) testimony be scheduled during the first two weeks of May. *See id.*[2] And to date, CVS has not even provided a witness designation, proposed

---

[1] Omnicare provided this information on the last date permitted under the Court's order at the March 21 hearing, despite Omnicare's representation that it would "not hold everybody [*i.e.*, the Rule 30(b)(6) witnesses] to March 29" and would "endeavor" to provide designations, dates, and locations by March 24. *See* Tr. of Proceedings on Mar. 21, 2023, at 36:4-11.

[2] Omnicare has also rejected out of hand the Government's reasonable suggestions to expedite the schedule. For instance, it has refused to consider scheduling the depositions of two pharmacy-level Rule 30(b)(6) depositions on single days in a common city, even for the eight pharmacy-level Rule

date, or location for its Rule 30(b)(6) testimony, much less committed to making its witness (or witnesses) available in April.

The Government's expert reports are due on May 3 and May 14. *See* Dkt. 181. Omnicare's proposed schedule would prevent the Government's experts from offering opinions about much of the pharmacy-specific Rule 30(b)(6) testimony in this case. In particular, the Government expects to disclose the reports of experts on (i) pharmacy computer dispensing systems, (ii) long-term care pharmacy management, (iii) assisted living facility administration, and (iv) geriatric medicine. We expect these experts will opine on matters directly at issue in the pharmacy-level topics to be explored in these depositions.

The Government has for months advised the Court that the separate interim deadline for Defendants to provide Rule 30(b)(6) testimony was necessary to ensure that the Government's experts are able to review this relevant fact discovery before producing their expert reports. *See* Dkt. 139 (Gov't request dated Oct. 5, 2022). And yet—as the Government predicted—Defendants have, through various delays, prevented the Government from taking a single Rule 30(b)(6) deposition during the entire period set aside for this testimony in the Court-ordered discovery schedule. Defendants' delay of these depositions directly contradicts their earlier assurances that "the government is always free to take [Rule 30(b)(6)] depositions at a time of its choosing, subject to the need for reasonable notice and cooperation concerning scheduling." Dkt. 140 (Def. response dated Oct. 6, 2022).

In response to the Government's request for Defendants' position on this proposal to forestall further delays by requiring all Rule 30(b)(6) testimony be completed in April, Defendants now propose moving the deadline for taking their Rule 30(b)(6) testimony back to June 5. *See* Ex. B at 1. But such a proposal would only compound the problem by permitting Defendants to further delay any additional Rule 30(b)(6) testimony until after the Government's expert report deadlines, rendering those reports substantially incomplete. *See* Fed. R. Civ. P. 26(a)(2) (expert report must set forth "facts or data considered by the witness in forming [opinions]"); *see also Ruiz-Bueno v. Scott*, No. 12 Civ. 0809, 2014 WL 576400, at *3 (S.D. Ohio Feb. 12, 2014) ("[M]uch of the information produced during fact discovery is used as a foundation for expert opinions." (quotation marks omitted)). Defendants' attempt to further prejudice the Government by withholding key discovery until after the expert report deadline is improper and should be rejected.

The Government therefore respectfully requests that the deadline to take Defendants' depositions pursuant to Rule 30(b)(6) be extended to no later than April 30, 2023, and that Defendants be compelled to schedule all Rule 30(b)(6) depositions on or before April 30, 2023.[3]

---

30(b)(6) witnesses whose testimony the Government has agreed to limit to between 2.25 and 3 hours. *See* Ex. B at 2-3.

[3] In the event that Omnicare and CVS do not permit the Government to complete taking the Rule 30(b)(6) testimony by dates during the month of April, the Government reserves its right to seek an extension of the current expert report deadlines to ensure that the experts have sufficient time to review the testimony and consider it for purposes of preparing their reports.

Defendants object to this request and state that they intend to respond within three business days. *See* Ex. B at 1.

We thank the Court for its consideration of this request.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:      /s/ Samuel Dolinger
MÓNICA P. FOLCH
JENNIFER JUDE
SAMUEL DOLINGER
LUCAS ISSACHAROFF
STEPHEN CHA-KIM
Assistant United States Attorneys
(212) 637-2800

cc: All counsel by ECF