**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

UNITED STATES OF AMERICA, et al. ex rel. URI BASSAN,

                        Plaintiffs,

      -against-

OMNINCARE, INC.,

                        Defendant.
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                        Plaintiff,

      -against-

OMNINCARE, INC. and CVS HEALTH CORP.,

                        Defendants.
------------------------------------------------------------------X

**15-CV-04179 (CM) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      Omnicare provided the Government with a categorical privilege log, which the local rules in this District authorize. At issue are two subject-matter categories in Omnicare's privilege log. One of those subject-matter categories relates to "compliance with regulations concerning pharmacy practices related to prescription dispensing," and the other subject-matter category concerns "compliance with regulations concerning pharmacy practices other than those related to prescription dispensing." See ECF Nos. 240, 244. The Government objected to those subject-matter descriptions as being too vague and Omnicare provided a list of 38 subcategories, explaining that one subject-matter category related to 22 subject-matter subcategories and the

other subject-matter category related to 16 subject-matter subcategories. See ECF No. 244-2. For instance, the subject-matter category relating to "compliance with regulations concerning pharmacy practices related to prescription dispensing" applies to documents that concern 22 subject-matter subcategories, and those subcategories are: "prescription/medication order elements," "telephone order elements," "medication administration," "authorized purchasers," "pharmacist and technician licensure," "electronic prescription processing," "records maintenance," "drug inventory," "pharmacy licensure," "facility licensure," "shipments and delivery," "signature logs," "labeling and packaging," "transmission of prescriptions," "dispensing emergency kits," "automated dispensary systems transfer of prescriptions," "storage of prescriptions," "prescription drug monitoring program compliance," "central filling of prescriptions," "anti-diversion and suspicious order monitoring systems nurses as agents of prescriber," "prescriber licensure," and "therapeutic interchange." Id.

      The Government argues that Omnicare should be required to identify the specific documents, out of thousands, that correlate to each specific subject-matter subcategory within the two, umbrella subject-matter categories at issue here. ECF No. 240 at 3. According to the Government, because the subject-matter categories relates broadly to "regulations concerning pharmacy practices," and because Omnicare has grouped distinct and unrelated subject-matter subcategories under a broad subject-matter umbrella, the Government is unable to use the date range and individuals involved in the communications to adequately evaluate Omnicare's privilege claims for these documents. See ECF No. 251 at 61, 70. Omnicare opposes having to corelate the documents within the subject-matter categories to the specific subject-matter subcategories to which the documents relate.

The Government's request is supported by In re Application of Aenergy, S.A., 451 F. Supp. 3d 319 (S.D.N.Y. Apr. 3, 2020). In that case, the subject-matter description challenged was similarly vague: "seeking or conveying legal advice about the on-sale contracts, the Credit Facility Agreement, or the AE-GE contracts." Id. at 326 (internal quotation marks omitted). As the court there explained, the privilege log did "little to communicate the potential basis for its privilege assessments," in part, because the court could not "discern" the "method or reason behind GE's decision to carve out the categories it did." Id. The same is true here. It appears that Omnicare has grouped a host of unrelated subject-matter subcategories together within two broad subject-matter categories. There may be documents pertaining to certain subject-matter subcategories for which the Government may not be interested in challenging Omnicare's privilege assertion, depending on the individuals involved in the communication, the specific subject matter, and/or the date range of the communication. But without knowing which documents relate to which subject-matter subcategory, the Government cannot presently make that determination with the information it has been provided in Omnicare's privilege log.

Accordingly, the Government's request at ECF No. 240, that Omnicare correlate the subcategories of legal advice to the documents or groups of documents covered by those subcategories, is granted. Because the other issues raised by the Government's letter at ECF No. 240 were resolved on the record at the conference on April 25, 2023, the Clerk of Court is respectfully instructed to terminate the letter motion at ECF No. 240.

**SO ORDERED.**

DATED:    New York, New York
          May 2, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge