**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

UNITED STATES OF AMERICA, et al. ex rel. URI BASSAN,

                      Plaintiffs,

      -against-

OMNINCARE, INC.,

                      Defendant.
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                      Plaintiff,

      -against-

OMNINCARE, INC. and CVS HEALTH CORP.,

                      Defendants.
------------------------------------------------------------------X

**15-CV-04179 (CM) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Omnicare filed a letter motion, asking the Court to compel the Government to produce documents improperly withheld on the basis of the deliberative process privilege. See ECF No. 239. The Government opposes the motion. See ECF No. 243. Omnicare is directed to respond to the following questions:

1. To the extent Omnicare seeks to pierce the deliberative process privilege because it claims that the documents referenced in Rice's Declaration at paragraphs 15(c), 15(d), 16(e), and 16(f) (see ECF No. 239-5) could contain information about the Government's knowledge and approval of how Omnicare and other pharmacies process medication orders and refills at LTC facilities, why is Omnicare not able to obtain this information from the audit files it has gotten from the Government through discovery?

2. Omnicare relies on <u>United States ex rel. Poehling v. UnitedHealth Group</u>, 2018 WL 8459926 (C.D. Cal. Dec. 14, 2018), to support its argument that the Court should pierce the privilege. But in that case, the defendant pointed to specific internal information it sought from the Government, explained how that information directly supported its defense of the claims, and provided evidence explaining why it expected the Government to possess at least some information that would be favorable to its defense. <u>See id.</u> at *11. In its letter motion, Omnicare does not delve into such specifics, choosing to instead broadly assert that the Government may be withholding relevant information concerning its knowledge of the allegedly false conduct at the heart of the case. Can Ominicare more specifically explain how the deliberative matters identified by Rice in paragraphs 15(c), 15(d), 16(e), and 16(f) of her declaration relate to the "key issues in the case."

During the conference on April 25, 2023, the parties discussed the Court conducting an in camera review of a representative sample of documents withheld by Omnicare as attorney-client privileged. If the parties believe that such a review would be helpful to resolving the present dispute concerning the deliberative-process privilege, the Court is amenable to conducting a review of a representative sample of documents that represent the documents identified by Rice at paragraphs 15(c), 15(d), 16(e), and 16(f) of her declaration. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 239.

**SO ORDERED.**

DATED:   New York, New York
         May 2, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge