**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

UNITED STATES OF AMERICA, et al. ex rel. URI BASSAN,

                                Plaintiffs,

         -against-

OMNICARE, INC.,

                                Defendant.
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                Plaintiff,

         -against-

OMNICARE, INC. and CVS HEALTH CORP.,

                                Defendants.
-----------------------------------------------------------------X

**15-CV-04179 (CM) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On September 20, 2023, Omnicare filed a reply letter brief, in further support of its motion to compel the production of certain withheld witness interview summaries. See ECF No. 344. Omnicare sought the withheld witness summaries on the basis that the Government's disclosure of some of the summaries to its expert effectuated a waiver as to the undisclosed summaries under Federal Rule of Evidence 502(a). After the Government's expert disclaimed use of the witness summaries to prepare his report, Omnicare raised a different basis for the Government's "use" of the privileged materials. Specifically, Omnicare pointed to allegations in the complaint and argued that the factual allegations were supported by the witness summaries,

only some of which had been produced by the Government. Id. The Government did not have an opportunity to respond to this argument in writing, because the argument was not previously raised by Omnicare in its opening letter brief and the reply letter brief was submitted on the eve of a conference held on September 21, 2023, at which the dispute was addressed. See ECF No. 324.

At the September 21 conference, Omnicare relied on a decision of this Court, In re Commodity Exchange, Inc., 2019 WL 13046984 (S.D.N.Y. Feb. 25, 2019), to argue that the reference to witness statements in the complaint by the Government here was sufficient affirmative use to support a subject-matter waiver. See ECF No. 348 ("Tr.") at 9-10, 15-16, 20-21, 23. In In re Commodity Exchange, the defendants sought disclosure of statistical analyses and documents generated by plaintiffs' consultants, whose work was partially referenced in the complaint. See 2019 WL 13046984, at * 1. The Court held that the work-product protection was waived as to the materials not specifically referenced in the complaint. The Court reasoned that the "withholding of information that would tend to undermine key statistical conclusions alleged in the complaint" constituted a selective disclosure that would benefit the plaintiffs and prejudice the defendants, because the plaintiffs' "statistical presentation was central to the Court's decision that Plaintiffs have plausibly alleged Defendants' participation in price manipulation and an antitrust conspiracy." Id. at *3. Here, a review of the Court's decision on Omnicare's motion to dismiss indicates that at various points, the Court relied on (or, at a minimum, cited to) some of the factual allegations that Omnicare contends would be supported by the privileged witness interview summaries. See, e.g., ECF No. 89 at 8-9, 21.

The Government is directed to provide a response to Omnicare's argument that the use alleged here is sufficient to constitute affirmative use of the withheld work-product material for purposes of supporting a waiver under Federal Rule of Evidence 502(a), particularly in light of the decision in <u>In re Commodity Exchange</u>. The Government is directed to file a letter by no later than **October 17, 2023**.

**SO ORDERED.**

DATED:    New York, New York
          October 3, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge