UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA, et al. ex rel. URI BASSAN,

                Plaintiffs,

-against-

OMNICARE, INC.,

                Defendant.
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

OMNICARE, INC. and CVS HEALTH CORP.,

                Defendants.
-----------------------------------------------------------------X

15-CV-04179 (CM) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On September 15, 2023, the Government moved to compel Omnicare to provide responses to questions that the Government claimed Omnicare's corporate representatives had failed to answer during their Rule 30(b)(6) depositions. See ECF Nos. 340, 342. The Government's motion is **GRANTED** but only as to the following questions identified by the Government in Exhibit B (see ECF No. 340-2).

As it relates to the testimony of H. Barber

- Dep. 246:11-13: Q. And was there guidance provided to the pharmacies as to the effect of the maximum quantity required field?

- Dep. Barber Dep. 196:13-16: Q. So rollover orders alone would not be accepted by CMS for a PDE audit? That is consistent with your understanding of the way that the PDE audits worked and what CMS requested?

- Dep. 216:1-4: Q. And with regard to verbal orders, what's your understanding of whether CMS accepts or rejects verbal orders in the course of PDE audits and what form they have to be in?

- Dep. 158:8-159:20: Q. [Do you know] whether pharmacy technicians who are just starting at a pharmacy receive formal training from Omnicare corporate regarding what constitutes a valid prescription or valid chart order under state law? Q. Do you know what training other pharmacy staff receive regarding what constitutes a valid prescription or a valid chart order?

- Dep. 169:8-19, 169:23-170:2: Q. And how does Omnicare ensure that that training is completed? Q. Was there any mechanism for Omnicare at the corporate level to ensure that that training was performed?

As it relates to the testimony of C. Miller:

- Dep. 22:12-24: Q. Did new hires have a separate training regimen or period before they began their job, specifically about valid prescription requirements? Q. Was training specifically about Colorado requirements for valid prescriptions for different types of facilities provided to new hires? Q. My question is more prior to someone starting, or outside of it actually being implemented and practiced with the prescription or dispensation, was there any policy or procedure as to providing training, either in a classroom or written materials, about the fact that a prescription is valid for an ALF resident for only 365 days?

- Dep. 52:23-53:4: Q. Are you aware of any formal training, outside of a pharmacist's own education or outside education, are you aware of any formal training provided by Omnicare [to Omnicare of Golden] individuals about how to code the retirement field?

- Dep. 75:1-13: Q. Can you describe any, if any, of Omnicare's policies or procedures with respect to the documentation that its employees needed to see to support dispensing during the relevant time period?

As it relates to the testimony of A. Baldino:

- Dep. 19:22-25: Q. Other than that form of one-on-one training that you described, there's no other guidance or document or training that Omnicare provided on that topic [that "a year after the prescription is written, it should no longer be filled"]?

In its letter motion, the Government also sought an order compelling Omnicare to clarify contradictory testimony provided by two 30(b)(6) witnesses. See ECF No. 342 at 5. After reviewing the transcript of the deposition of Ms. Barber and Mr. Pratt, the testimony of the two witnesses is inconsistent as to the timing of when the "Prescribed Quantity Required" flag was changed, and the inconsistency is not resolved by adopting the relevant testimony of Egan, Schatz, and Pratt, as Omnicare proposed. Omnicare is thus directed to provide a response to the following questions:

- Did Defendants flip the Oasis "Prescribed Quantity Required" flag (or the "Max Refill Required" or the "Maximum Quantity Required" flag) to Y (or make any other changes to prevent rollover dispensing in Oasis) for all non-skilled facilities by the end of 2018, regardless of what state law required? If not, did they do so after the end of 2018 and, if so, by when?

- If Defendants did not flip the above-referenced Oasis flag(s) to Y (or make any other changes to prevent rollover dispensing in Oasis) for all non-skilled facilities by the end of 2018, for what types of facilities did Defendants flip the flag(s) to Y and how did they determine which facilities needed their flags to be flipped to Y?

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 340 and 342.

**SO ORDERED.**

DATED:    New York, New York
          October 6, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge