USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA, et al. ex rel. URI BASSAN,

                          Plaintiffs,

      -against-

OMNICARE, INC.,

                          Defendant.
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                          Plaintiff,

      -against-

OMNICARE, INC. and CVS HEALTH CORP.,

                          Defendants.
-----------------------------------------------------------------X

15-CV-04179 (CM) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       During a conference on September 11, 2023, the Court issued a ruling on Omnicare's motion to compel documents withheld by the Government pursuant to the deliberate process privilege (see ECF Nos. 239, 243). See ECF No. 336. As to documents relating to the PDE validation audits, the Court concluded that Omnicare had overcome the privilege by showing a compelling need for those documents. As to a subset of documents—specifically, documents falling within paragraph 16 of the declaration of Cheri Rice—the Court asked for additional documents and information before it ruled on whether the documents were privileged. Following the conference on September 11, the Government submitted those documents and at a conference

on September 21, 2023, the Court ordered the Government to produce "a subset of those [documents] that pertain to the PDE audit validation process," out of the 220 documents encompassed by paragraph 16 of the Rice declaration. See ECF No. 348 at 84. The basis for the Court's ruling, in accordance with Omnicare's arguments, was that such documents might reveal the extent to which the Government had actual knowledge of certain practices yet routinely paid claims despite such practices. In other words, the Government's practice of accepting or declining certain prescription documentation was relevant to Omnicare's materiality defense. See ECF No. 336 at 28-31; ECF No. 348 at 86.

Omnicare argues that it has a compelling need for documents relating to the RAC audit, over which the Government has asserted the deliberative process privilege. See ECF No. 366. The RAC audit was a type of audit of long-term care sponsors that the Government considered but never undertook. As to these documents, Omnicare has not shown a compelling need, as required to overcome the Government's assertion of the privilege. The PDE validation audit undertaken by the Government examined the same underlying prescription documentation and state law requirements that would have been examined had the RAC audit been conducted. If the Government had actual knowledge that long-term care sponsors were not adhering to state-law prescription documentation requirements, that information would be available to Omnicare from the documents it has obtained from the Government related to the PDE validation audit.

Lastly, the Government's claw back of the inadvertently produced privileged document was proper.

**SO ORDERED.**

DATED:   New York, New York
         October 25, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge