USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

UNITED STATES OF AMERICA, et al. ex rel. URI BASSAN,

                            Plaintiffs,

        -against-

OMNICARE, INC.,

                            Defendant.
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                            Plaintiff,

        -against-

OMNICARE, INC. and CVS HEALTH CORP.,

                            Defendants.
-----------------------------------------------------------------X

**15-CV-04179 (CM) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On September 5, 2023, Omnicare sought an order compelling the Government to produce all withheld summaries of interviews with witnesses who were Omnicare employees. See ECF No. 324. Omnicare sought the withheld witness-interview summaries on the basis that the Government's disclosure of eight summaries to one of its experts, Chad Hardy, effectuated a waiver as to all the undisclosed summaries under Federal Rule of Evidence 502(a). The Government opposed the letter motion on September 12, 2023. See ECF No. 335. As part of its response, the Government submitted a declaration from Hardy, wherein Hardy disclaimed use of the summaries to prepare his report and further disclaimed any future use or reliance on the

summaries. See ECF No. 335-1 at ¶¶ 3-4. On September 20, 2023, Omnicare filed a reply letter brief, in further support of its motion. See ECF No. 344. In addition to Hardy's "use" of the summaries, Omnicare pointed to certain allegations in the complaint and argued that the summaries over which the Government was claiming work-product protection had been used to support those factual allegations. See ECF No. 344 at 1. The dispute was the subject of a conference held on September 21, 2023. See ECF No. 324. Following the conference, the Government filed a supplemental letter brief in further support of its opposition to Omnicare's motion. See ECF No. 361.

Under Federal Rule of Evidence 502(a), a waiver of privilege applies "to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional, (2) the disclosed and undisclosed communications or information concern the same subject matter, and (3) they ought in fairness to be considered together." Omnicare has not shown that a waiver of the privilege applies here.

First, the undisclosed witness summaries do not concern the same subject matter. Omnicare seeks the Government's summaries of all witness interviews it conducted during its pre-filing investigation. The witness summaries relate to factual information about the experiences of different Omnicare pharmacy employees who worked in different roles, at different pharmacies, during different time periods. Any statements by a particular witness paraphrased or referenced in the complaint would necessarily be specific to that individual's experience at his particular pharmacy. If a subject-matter waiver could extend so broadly, an attorney drafting a complaint would be unable to rely on investigative work product because doing so would risk placing the entirety of the attorney's work product at issue in a case.

Second, fairness does not dictate that the Government be required to disclose all of its witness-interview summaries given the Government's relatively minimal reliance on a handful of witness interviews in the complaint. At the September 21 conference, Omnicare principally

relied on a decision of this Court, In re Commodity Exchange, Inc., 2019 WL 13046984 (S.D.N.Y. Feb. 25, 2019). See ECF No. 348 ("Tr.") at 9-10, 15-16, 20-21, 23. That case is distinguishable. In In re Commodity Exchange, the plaintiffs alleged a conspiracy to manipulate spot gold prices immediately before and during the PM Fixing window of the London Bullion Market. 2019 WL 13046984, at *1. To do so, the plaintiffs relied primarily upon expert statistical analyses of gold pricing data at different points during the day. Id. at *1-2. The court reasoned that the statistical analyses was central to the plaintiffs having pled a plausible antitrust conspiracy. Id. at 1, 3. Consequently, the court concluded that it would be prejudicial to defendants if the plaintiffs were permitted to engage in "selective disclosure" by basing their complaint on their experts' statistical analyses and conclusions while withholding any other analyses and conclusions from the same experts that might disprove the core allegations in the complaint. Id. at *3-4.

      Here, by contrast, Omnicare points to paraphrased portions of the Government's fact witness interviews to argue that the Government should be required to disclose all of its witness-interview summaries with former Omnicare employees. But the interview notes were used by the Government to provide factual background concerning, for instance, Omnicare's corporate culture and pressure to dispense medications. Unlike in In re Commodity Exchange, the handful of references to witness interviews are not the difference here between a well-pled complaint and a complaint that would be dismissed for failure to plausibly allege a claim. And, as is well established, "[i]nterview summaries prepared by counsel in connection with an agency investigation are 'classic work-product.'" United States ex rel. Integra Med Analytics, LLC v. Laufer, 2023 WL 3203912, at * (S.D.N.Y. May 2, 2023).

For these reasons, Omnicare's motion is **DENIED**. The Clerk of Court is directed to terminate the letter motions at ECF Nos. 324 and 325.

**SO ORDERED.**

DATED:   New York, New York
         November 6, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge