USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 12/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA, et al. ex rel. URI BASSAN,

                    Plaintiffs,

    -against-

OMNICARE, INC.,

                    Defendant.
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                    Plaintiff,

    -against-

OMNICARE, INC. and CVS HEALTH CORP.,

                    Defendants.
-----------------------------------------------------------------X

15-CV-04179 (CM) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

    During a conference on September 11, 2023, the Court concluded that Defendants had demonstrated sufficient need for privileged documents reflecting deliberations regarding the PDEV audit process, and thus the Court ordered the Government to produce that category of previously withheld or redacted documents. See ECF No. 336. Subsequently, the Government produced to Omnicare nearly 3000 documents that the Government had withheld as subject to the deliberate-process privilege. The documents were produced after the close of fact discovery.

    According to Omnicare, those documents support its defense in this case because the documents show that individuals at CMS, Health and Human Services, and OMB discussed,

considered, and approved certain "practices" that the Government now contends Omnicare fraudulently engaged in—such as, for example, whether a prescription for medication to a resident of an assisted-living facility needed to have a refill quantity, or whether the prescription documentation needed to be in the possession of the pharmacy or the assisted-living facility. See, e.g., 12/7/23 Tr. ("Tr.") at 4-6, 9-10, 19-22, 32; see also ECF No. 402 at 1-3. Omnicare now seeks to reopen ten fact witness depositions and two Rule 30(b)(6) depositions. See ECF No. 402 at 4; see also ECF No. 402-15. For these witnesses, Omnicare was prevented, by an assertion of privilege, from asking the witness about their recollection of those discussions concerning the PDEV audits. See ECF No. 402-15. Omnicare also contends that the 3,000 documents are not duplicative or cumulative of other discovery and thus prior to their disclosure, Omnicare did not have the information it needed to elicit any relevant testimony from these witnesses about discussions concerning the PDEV audit process. See Tr. at 9-13, 43-44, 66-67; see also ECF No. 402 at 3-4.

"A person who has previously been deposed in a matter may be deposed again, but only with leave of the court." Sentry Ins. v. Brand Mgmt., Inc., Nos. 10-CV-347 & 11-CV-3966 (RLM) (ENV), 2012 WL 3288178, at *8 (E.D.N.Y. Aug. 10, 2012); see also Fed. R. Civ. P. 30(a)(2)(A)(ii). "Leave should be granted to the extent that doing so is consistent with the factors set forth in Rule 26(b)(2), such as 'whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit.'" Sentry, 2012 WL 3288178, at *8 (quoting Ganci v. U.S. Limousine Serv. Ltd., No. 10-CV-3027 (JFB) (AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (collecting cases)). "Courts will typically reopen a deposition where there is new information on which a witness should be questioned." Ganci, 2011 WL 4407461, at *2 (collecting cases).

Here, reopening certain depositions is consistent with the factors set forth in Federal Rule of Civil Procedure 26(b)(2). Omnicare did not previously have the 3,000 documents it seeks to question the witnesses about and the information contained in those documents is not duplicative of information Omnicare could have gleaned from other documents previously produced by the Government. Consequently, reopening the depositions to allow an opportunity for Omnicare to question these witnesses about the 3,000 documents would not result in cumulative discovery. For example, Omnicare has represented that the recently produced documents show that Mr. Mierwald was one of the individuals who participated in discussions concerning the PDEV audits and was also involved in "briefing CMS leadership and Health and Human Services" on those discussions. See Tr. 34. During his deposition, Mr. Mierwald "did not have a very strong recollection of his time involved in the PDE audits," Tr. at 34, and the Government objected to questions concerning Mr. Mierwald's recollection of internal discussions within CMS relating to the policy surrounding prescription expiration, unsigned medication orders, and where prescription documentation should reside, see ECF No. 402-15 at 4-5. Moreover, this information is relevant to Omnicare's defense here, to the extent Omnicare intends to show at trial that the Government was aware of and approved certain industry practices concerning prescription documentation that Omnicare presumably followed.

Finally, the burden of reopening these depositions is outweighed by the potential benefit of having these witnesses questioned about these documents. As was discussed at length during the conference on December 7, 2023, these documents are significant to Omnicare's defense, because Omnicare contends that they show CMS's discussions and understanding regarding long-term-care practices that the Government now contends are fraudulent.

Omnicare is permitted to reopen the depositions of the following witnesses: Mary Anne Brewer, Ilina Chaudhuri, Devon Christianson, Joanne Davis, Chris Eisenberg, Carolyn Kapustij, Ray Mierwald, Cheri Rice, Matthew Siuta, and Chrissy Fowler. For these witnesses other than

Ms. Fowler, Omnicare has indicated that it did not use up all of its seven hours of deposition time. See Tr. at 35-36. Omnicare may reopen the depositions of these witnesses but only up to the amount of time remaining for those depositions. For Ms. Fowler, it appears that Ominicare may have used up all its time. See Tr. at 35. If it has, Omnicare is afforded one additional hour of time to question Ms. Fowler.

Omnicare's request to reopen the deposition of Craig Miner is denied, as he was offered as a Rule 30(b)(6) witness for CMS on subjects other than the PDEV audit and the 3,000 documents that form the basis of Omnicare's instant request concern only the PDEV audit. Omnicare's request to reopen the deposition of Kevin Gorsline is also denied. Mr. Gorsline is a former Booz Allen Hamilton employee. During his deposition, Omnicare did not ask any questions of Mr. Gorsline to which the deliberative-process objection was asserted, and Omnicare has not pointed to any document showing or suggesting that Mr. Gorsline was involved in any deliberations at CMS or another government agency concerning prescription documentation.

Omnicare also requests an order requiring the Government to supplement its interrogatory responses. See ECF No. 402 at 5-6. That request is denied. Omnicare has not demonstrated that the Government failed to properly respond to Omnicare's interrogatories. The Government has represented that it conducted a reasonable inquiry to identify individuals with substantive knowledge of the relevant categories of questions. See Tr. at 47-48; see also ECF No 410 at 4. Omnicare has not identified any individual named in the 3,000 documents who had substantive knowledge of the PDEV audits and was not previously known to Defendants or disclosed by the Government. See, e.g., Tr. at 58-59, 61-62.

Finally, Omnicare seeks permission to take an additional five depositions of "high-level CMS and HHS officials who participated in PDE decisionmaking." See ECF No. 402 at 6 n.7. The case law is clear that a deposition of a high-ranking government official requires a showing

of exceptional circumstances justifying the deposition, such as when the official has first-hand knowledge or has information that cannot be obtained through other means. See, e.g., Lederman v. N.Y. City Dep't of Parks & Recreation, 731 F.3d 199, 203 (2d Cir. 2013). Omnicare has not made such a showing here.

The Clerk of Court is directed to terminate the letter motion at ECF No. 402.

**SO ORDERED.**

DATED:   New York, New York
         December 14, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge