```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA, et al. ex rel. URI BASSAN,

                     Plaintiffs,

      -against-

OMNINCARE, INC.,

                     Defendant.
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                     Plaintiff,

      -against-

OMNINCARE, INC. and CVS HEALTH CORP.,

                     Defendants.
-----------------------------------------------------------------X

15-CV-04179 (CM) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

At ECF No. 460, Defendants seek to compel disclosure of documents relating to a proposed Recovery Audit Contractor ("RAC"). The Government opposed the motion to compel. See ECF No. 463. The Court held a conference to discuss the motion on May 1, 2024. See ECF No. 468.

The Government has asserted the deliberative process privilege over deliberations relating to the proposed RAC audit. In a prior order, the Court concluded that Defendants had not shown a compelling need to overcome the Government's assertion of the deliberative process privilege over the RAC-audit-related documents. See ECF No. 370. Defendants now argue that

1

they have a compelling need for the documents because the Government allowed one of its witnesses testify about deliberations concerning the RAC audit's methodology and CMS's rejection of the audit. See ECF No. 460 at 3.

Defendants have not shown that the Government has attempted to make affirmative use in this litigation of any information relating to the proposed RAC audits. The Government, for example, has not attempted to introduce documents or information about the proposed RAC audit or any deliberations concerning the decision not to adopt such an audit. See, e.g., Allstate Ins. Co. v. Serio, 2000 WL 554221, at *11 (S.D.N.Y. May 5, 2000) (affirmative use by party of documents withheld under deliberative process privilege where party attempted to introduce documents into evidence on motion for summary judgment). The witness's response to deposition questions does not constitute use of the information protected by the privilege such that it can be said that the Government has used the information affirmatively. Defendants' request to compel disclosure of the documents is denied.

At ECF No. 460, Defendants also seeks to reopen the deposition of Omnicare's Rule 30(b)(6) witness to allow for questioning about her preparation for the deposition. The request is granted. Defendants have an additional 30 minutes to question the witness about her preparation for the deposition.

\* \* \*

At ECF No. 449, the Government seeks an order compelling Defendants to expand the scope of their rereview of privileged documents, to include a rereview of approximately 4,000 documents. Defendants oppose the request. See ECF No. 466. The Government's motion was also addressed at the May 1 conference. See ECF No. 468.

On July 10, 2023, the Government submitted a letter seeking the appointment of a special master to review Defendants' claims of privilege concerning documents in five specific categories outlined in the Government's letter. See ECF No. 299. In its request, the Government explained why it believed that Defendants' privilege review had been flawed and warranted a rereview as to those categories of documents. See id. at 2. The five categories of documents the Government sought to have rereviewed in July 2023 are the same categories of documents the Government proposes should be rereviewed now. Compare ECF No. 299 at 3 with ECF No. 449 at 5.

In July 2023, the Government's request for a rereview of privileged documents was not limited to compliance-related issues (that is, documents in categories 1 and 2) and the Government made that clear at a conference to discuss the issue on July 17, 2023. See ECF No. 306 at 33, 41-43, 47-48, 59-61. Following the July 17 conference, the Court conducted an in camera review of 125 documents and Defendants agreed to rereview documents in categories 1 and 2. At the July 17 conference, the Court indicated that depending on what happened with the rereview, the Government could reopen its request for a broader rereview, including a rereview of documents in categories 3, 4, and 5. See ECF No. 306 at 72.

On December 22, 2023, Defendants produced approximately 4,000 documents after completing their rereview of documents in categories 1 and 2. See ECF NO. 449 at 1. Those documents had previously been withheld or redacted and Defendants' production included new documents that had not previously been produced to the Government. After the Government reviewed those documents, it filed its instant request. At bottom, the Government seeks to renew the request it had previously made for a rereview of the documents in categories 3, 4, and 5 (amounting to about 4300 documents, see ECF No. 468 at 20)—a request that the Court

indicated it would consider following the resolution of a rereview of the documents in categories 1 and 2.

Defendants argue that the Government's request is untimely, because fact discovery closed on June 30, 2023, and the Government did not previously challenge Defendants privilege review as it pertained to documents in categories 3, 4, and 5. But the Government did raise repeated challenges to Defendants' privilege review and privilege log when discovery remained open (see, e.g., ECF No. 251), and the Government required additional information from Defendants before it could bring a broader challenge to Defendants' privilege claim. In any case, at the July 17 conference, the Court made clear that it would revisit the Government's request as to documents in categories 3, 4, and 5 based on the outcome of the rereview of documents in categories 1 and 2. Accordingly, the Government's request at ECF No. 449 is granted.

The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 449-450, 458, and 460. Additionally, for the reasons stated at the conference on May 1, the request at ECF No. 429 has been resolved. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 429.

**SO ORDERED.**

DATED:    New York, New York
          May 8, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge