UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES ex rel BASSAN,

        Plaintiff,

-against-                                          15 civ. 4179 (CM)(VF)

OMNICARE, INC. et al.,

        Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/10/24

MEMORANDUM ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S
ORDERS DATED OCTOBER 25, 2023 (Dkt. # 370) AND MAY 8, 2024 (Dkt. # 470)

McMahon, J.:

      Before the court are Omnicare's objections to two discovery orders entered by my colleague, The Hon. Valerie Figueredo, U.S.M.J., in this long-running and contentious *qui tam* lawsuit, the prosecution of which has been taken over by the United States.

      A magistrate judge's ruling on discovery disputes, like all rulings on non-dispositive pretrial matters, may be set aside only when the ruling is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). An order is clearly erroneous when the entire evidence leaves the district court with the definite and firm conviction that a mistake has been made; an order is contrary to law when the magistrate judge fails to apply or misapplies relevant statutes, case law or rule of procedure. A magistrate judge's resolution of discovery disputes deserves substantial deference.

      Because I see no clear error – indeed, no error at all – in any of Judge Figueredo's rulings, I overrule Omnicare's objections and affirm them in their entirety.

      The first set of objections are to aspects of an order entered by Judge Figueredo last October, in which the learned Magistrate Judge declined to compel the Government to turn over certain documents that relate to a decision by the Center for Medicare and Medicaid Services (CMS) not to supplement the audits of the Medicare Part D prescription drug program that were regularly conducted (the "PDEV audits") with a second type of audit (the "RAC audit"). In 2014, a third-party contractor, eager to obtain a Government contract, proposed to CMS that it conduct an RAC audit to examine the extent to which dispensations of non-controlled substances were based on expired prescriptions – an issue that was already covered by CMS's annual PDEV audits. CMS ultimately decided not to expend additional taxpayer resources on what its Medicate Plan Payment Group (MPPG) had concluded would be a duplicative audit.

1

Omnicare requested production of documents relating to the proposed RAC audits. The Government asserted the deliberative privilege in paragraph 16 of the declaration from Cheri Rice, Deputy Director of CMS, and declined to produce the documents. Judge Figueredo – who on September 11, 2023 had directed the Government to produce certain documents relating to the PDEV audits (the Rice Declaration Paragraph 15 Documents) notwithstanding the Government's assertion of deliberative privilege – subsequently ordered the Government to produce a "subset" of the documents encompassed by Paragraph 16 of the Rice Declaration – specifically, any documents that pertained to "the PDE audit validation process." (Dkt # 370, p. 2 of 2). This order was directed only at documents discussing the *PDEV audit*, not to the proposed RAC audit. ("Okay, so there are approximately 220 documents that fall under the Rice declaration, paragraph 16. The Government's going to look through those and produce a subset of those that pertain to the PDE audit validation process"). She concluded that such documents "might reveal the extent to which the Government had actual knowledge of certain practices yet routinely paid claims despite such practices." (Dkt. #370, p. 2 of 2). However, after in camera review, the learned Magistrate Judge declined to order the production of all 220 of the documents as to which the Government asserted deliberative privilege in paragraph 16 of the Rice Declaration. The scope of her order could not be clearer.

Judge Figueredo issued her ruling orally on September 21, 2023. Per Local Civil Rule 6.3, Omnicare had fourteen days from the entry of that order either to seek reconsideration from Judge Figueredo or to file objections thereto with this court. Omnicare did neither.

Instead, a full month after the order was entered – on October 18, 2023 – Omnicare filed a motion to compel production of "documents regarding other audits and program integrity measures." In other words, Omnicare claimed that the Government had failed to comply with Judge Figueredo's order by not producing all the documents covered by Rice Declaration Paragraph 16. The Government argued that this was an untimely motion for reconsideration of Judge Figueredo's September 21 order, which had plainly directed production of only documents pertaining to the PDEV audits and had rejected Omnicare's request for RAC-related documents.[1] Nonetheless, Judge Figueredo gave Omnicare the benefit of a merits ruling on the motion to compel, which she denied in a written order on October 25, 2023. (Dkt. #370).

This time, Omnicare filed a timely objection with this court.

The court overrules the objection on two grounds.

First, I agree with the Government that the motion to compel was nothing more than an untimely motion for reconsideration of Judge Figueredo's September 21 ruling. Omnicare's failure to move for reconsideration or to file an objection with this court means that its objection can be and is overruled on that basis alone.

However, the learned Magistrate Judge supplemented her oral ruling in a written order dated October 25, 2023, which at least arguably moots the untimeliness argument. In that order, Judge Figueredo correctly concluded that Omnicare had not shown a compelling need to overcome

---

[1] The Government represents that it has produced 12 documents that were responsive to Judge Figueredo's order; I have no reason to disbelieve its representation that the remaining documents were not responsive to her order.

2

the Government's assertion of the deliberative process privilege. The reasons why the Government decided not to conduct the proposed RAC audit are not discoverable unless they are both "relevant" and "unavailable from other sources." In this instance, as the Government correctly points out and as the learned Magistrate Judge found, the Rice Declaration Paragraph 16 documents that had not been produced did not contain relevant or potentially admissible evidence.

Defendants argue that documents discussing the reasons why the RAC audit was not authorized might prove relevant to its materiality defense, but in fact the document request is nothing more than a fishing expedition. The materiality defense requires a showing that the Government "regularly pays a particular type of claim in full despite *actual knowledge* that certain requirements were violated." As the Government never conducted an RAC audit, it could not have obtained actual knowledge via such an audit that any claims were being paid in violation of law. The Government's discussion of whether or not to conduct such an audit does not prove anything about whether the Government has actual knowledge of some result that the audit might (or might not) show had it been conducted. Omnicare's suggestion that the documents might contain some discussion of issues relating to materiality is pure speculation.

Moreover, as the learned Magistrate Judge found, if there exists evidence about the state of the Government's actual knowledge from audits, Omnicare already has it. In her initial ruling on September 11, 2023, Judge Figueredo overruled the Government's invocation of the deliberative process privilege and ordered production of documents relating to the audits that actually were conducted – the PDEV audits (Rice Declaration Paragraph 15 Documents). As she correctly stated in her subsequent ruling relating to the motion to compel production of all the Rice Declaration Paragraph 16 Documents, "If the Government had actual knowledge that long-term care sponsors were not adhering to state-law prescription documentation requirements, that information would be available to Omnicare from the documents it has obtained from the Government related to the PDE validation audit." Dkt. #370, page 2 of 2. Judge Figueredo did not abuse her discretion in upholding the deliberative process privilege as to documents that relate only to an audit that never took place, and that of necessity bear only on why the Government elected not to conduct such audits – a matter that would never be allowed to be explored at the trial of this action.

Omnicare also objects to the October 25 order insofar as Judge Figueredo ruled that the government's claw back of an inadvertently produced privileged document was proper. The document is one that is covered by the deliberative process privilege. Omnicare argues that the Government waited too long to try to claw back the document and argues that its inadvertent production effectively waives the privilege as to the rest of the Rice Declaration Paragraph 16 Documents. I reject both arguments for the reasons articulated by the Government in its response to the objection. I further note that Judge Figueredo reviewed the document in camera before making her ruling, which reinforces the court's disinclination to interfere with the learned Magistrate Judge's conduct of discovery in this matter.

For these reasons I overrule Omnicare's objections to the October 25 order.

Omnicare made yet another application for disclosure of the RAC documents on April 18, 2024 (Dkt. #460). Judge Figueredo denied that motion in an order dated May 8, 2024 (Dkt #470). Omnicare has objected to her ruling. I overrule this objection as well.

Omnicare argues that it has now shown a compelling need for the Rice Declaration Paragraph 16 documents because the Government waived the deliberative process privilege by allowing one of its witnesses to testify at her deposition about RAC's audit methodology and CMS's decision not to conduct such an audit. Judge Figueredo rejected this argument, noting that the Government had not sough to make "affirmative use" of any information concerning the RAC audit. The Government also argues that the witness was permitted to answer only questions that did not implicate any deliberations that would have been covered by the deliberative privilege.

For substantially the reasons set forth in the Government's response to Omnicare's objections (Dkt. #473), I overrule Omnicare's objections to the May 8 order. Not only is there no "clear error" in Judge Figueredo's ruling, there is no error whatsoever. Because an RAC audit was never conducted, it could not have given the Government "actual knowledge" of anything material to this case. It is, therefore, neither relevant nor material to Omnicare's case and it will not be part of the trial of this action.

This constitutes the decision and order of the court. It is a written decision. The Clerk of Court is directed to remove the objections to the orders at Dockets #370 and 470 (see Dkt. #391 and 472) from the court's list of open items.

June 10, 2024

_____
U.S.D.J.

BY ECF TO ALL COUNSEL