**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* URI BASSAN,<br><br>          Plaintiffs,<br><br>     v.<br><br>OMNICARE, INC.,<br><br>          Defendant.<br><br>───────────────────────<br><br>UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>OMNICARE, INC. and CVS HEALTH CORP.,<br><br>          Defendants. | Case No. 15-CV-4179-CM-VF |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEAL PORTIONS OF U.S. ATTORNEY'S OFFICE'S BRIEFS AND ACCOMPANYING EXHIBITS IN OPPOSITION TO MOTIONS TO EXCLUDE TESTIMONY**

Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
William Ashworth (*pro hac vice*)
David Randall J. Riskin (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5000

For matters in New York:
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Omnicare, Inc. & CVS Health Corporation*

## TABLE OF AUTHORITIES

### CASES

*Robinson v. De Niro*, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022) ......................................1

*SEC v. Telegram Group, Inc.*, 2020 WL 3264264 (S.D.N.Y. June 17, 2020)................................1

*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ..................................................................1

Omnicare, Inc. and CVS Health Corporation move to seal confidential material, as defined in the protective order (ECF 102), included within the U.S. Attorney's Office's briefs and accompanying exhibits in opposition to Omnicare's motions to exclude expert testimony.

*First*, Omnicare seeks to seal its commercially-sensitive and proprietary information. Courts regularly grant requests to seal "proprietary business information, such as internal analyses, business strategies or customer negotiations" because disclosure of such information could "provide competitors with an unearned advantage." *SEC v. Telegram Grp., Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). In light of this interest, Omnicare seeks to seal the following exhibits in their entirety: ECF 542-5, 542-10, 542-11, 542-12, 542-13. These exhibits contain internal email correspondence between Omnicare employees detailing aspects of Omnicare's proprietary computer dispensing systems and dispensing practices.

*Second*, Omnicare seeks to seal individuals' potentially-private health information, reflected in the following portions of exhibits: ECF 542-10 (at 7–8, 10) and 542-14 (at 259). Courts "regularly seal" this information to protect the privacy rights of third parties, *Robinson v. De Niro*, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022), and the Court previously has sealed similar third-party information (ECF 194).

Two of the Office's oppositions quote from (and paraphrase) the exhibits identified above as well as exhibits Omnicare moved to seal on September 4, 2024 (ECF 528 and 530). Omnicare seeks to seal the portions of those briefs reflecting material from those exhibits: ECF 544 (at 10), 545 (at 3, 4 & n.3), and 548 (at 9).[1]

---

[1] If it would assist the Court, Omnicare is prepared to submit proposed redacted versions of the exhibits and memoranda it seeks to seal.

Dated: October 16, 2024

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

<u>/s/ Enu Mainigi</u>
Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
William Ashworth (*pro hac vice*)
David Randall J. Riskin (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5000

For matters in New York:
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Omnicare, Inc. & CVS Health Corporation*