UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────── x

UNITED STATES OF AMERICA ex rel
URI BASSAN,

      Plaintiff,

  -against-                                15 civ 4179(CM)

OMNICARE, INC. and CVS HEALTH
CORP.,

      Defendants.

───────────────────────────────── x

### RESPONSE TO THE MARCH 4, 2025 LETTERS TO THE COURT

McMahon, J.:

      The Government and Defendants have submitted dueling letters to the court. Herewith my response:

      1.     In order to prove remedy, the Government is required to introduce into evidence every document on which its expert or summary witnesses relied in coming up with their numbers. That is the law. Those documents, which are the totality of the allegedly false claims submitted from 160 different Omnicare pharmacies – i.e., the "prescriptions" that were filled without any real prescription by a licensed medical practitioner – can be (as they generally are) introduced *en masse* when the expert or summary witness gets on the witness stand, with the expert or summary witness identifying said documents as the documents used to prepare the expert report or undergird the testimony about remedy. I rather imagine that the Government will introduce a few such documents into evidence when establishing liability, just to explain to the jury what we are talking about when we refer to a "claim" within the meaning of the False Claims Act. But I very much doubt that the Government ever intended to introduce thousands upon thousands of such documents individually – if it did, it would never get its case in chief before the jury in the amount of time I will provide for doing that. I will allow an expert or summary witness to testify, and to introduce the documents on which s/he relied, and those documents will necessarily be in evidence, and Defendants can use any of those documents to cross examine the witness. This is standard operating procedure in False Claims Act (and other) trials, and I do not appreciate either side's pretending otherwise.

      2.     Some of the many expert witnesses being called in this case relied on voluminous documents (obtained largely from Omnicare's own files) in crafting their testimony. Again, any documents on which they relied must be present in the courtroom and introduced into evidence

during the expert's testimony, if only so that they can be used on cross examination. I have yet to participate in the trial of any case in which each and every one of the documents relied on by an expert was shown individually to the jury. I do not intend that this trial should be the first.

3. The court's injunction to keep the number of exhibits down to 200 (since raised to 250) was designed to force the parties to focus on what is needed to prove liability or to rebut the Government's case in chief on liability. I emphasize that this is a case in which the Government's theory is that one particular practice at Omnicare – the use of one computer algorithm, which had a particular default setting – resulted in the distribution of prescription drugs to residents of long-term care facilities in the absence of any valid prescription therefor. If the Government cannot prove that theory using 250 documents, it needs to rethink its case. I am telling the Government that it can.

4. I remind you that I am going to strictly limit the amount of time you can be on your feet, as I do in every lengthy civil case I try. Your presumptive limit is 20 hours, based on my assessment of how long it *should* take you to try this case. You should arrive at the final pretrial conference on Thursday with a pretty clear sense of how long you would like to have each witness on either direct or cross, because I will ask you for those numbers. I generally don't give the parties all the time they would like to have, so your estimates should be reasonable. Your opening statements will be limited to thirty minutes and your closing statements to one hour.

5. I reiterate my rule: once I overrule ten ridiculous "kitchen sink" objections to the other party's proposed exhibits, I will presume that all subsequent objections are equally ridiculous and will overrule them and admit all of your opponent's documents. So if you have objected to documents (especially documents produced from your own files) under multiple irrelevant rules of evidence – even just to "preserve" your rights – you might want to rethink that strategy prior to Thursday's conference, which is when I intend to rule on all objections.

Dated: March 4, 2025

                                                              U.S.D.J.

BY ECF TO ALL COUNSEL