UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA, et al. *ex rel.*
Uri Bassan,

        Plaintiffs,

-against-

                                          15 Civ. 4179 (CM)

OMNICARE, Inc.,
        Defendant

------------------------------------------------------------x

UNITED STATES OF AMERICA,
        Plaintiff

OMNICARE, INC. and CVS HEALTH CORP.,

        Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/2025

### ORDER SETTING TIME LIMITS FOR TRIAL

McMahon, J.:

    At the final pre-trial conference the Government estimated that it would need 62.2 hours to present its case in chief and to cross examine the defendants' witnesses. Defendants estimated that they would need 42.5 hours to present their witnesses and cross examine the Government's witnesses. This does not include the presentation of deposition evidence, which both sides have designated. We have already dealt with the objections to exhibits and admitted documents into evidence at the final pre-trial conference. Ordinarily that would cut down substantially on trial time. But given our start date (March 31), we will have to interrupt the trial for two full days (April 14 and April 18) and shorten two other days (April 16 and 17) to accommodate religious observance. So in the end, we gain nothing.

    The parties' estimates mean that they are talking about 22 trial days for testimony, plus time jury selection (which will be problematic, given the length of the trial and the spring religious/school holidays), opening and closing statements, mid-and-end trial motions, charge conference, and other conferences. In short – a six week. That is not happening. It has been some years since I tried a False Claims Act case, but I credit the representation of defendants' counsel

that such trials normally last 2-3 weeks – not 5 weeks. I note that defendants' attorneys are presently trying such a case in the Eastern District of Pennsylvania and that there are three weeks allotted for that trial; they just completed a trial in the Southern District of Illinois that took a similar amount of time.

After considering the parties presentations, I am setting the following time limits:

Opening statements: 30 minutes per side

Government time with witnesses (direct and cross): 45 hours total

Defendants' time with witnesses (direct and cross): 40 hours total

Closing statements: TBD, but will be no more than 90 minutes and may be less

Time with witnesses includes time spent presenting deposition testimony.

This is a generous time allotment from me. It gives the Government more than twice the amount of time I was originally inclined to give (which was 20 hours), and the defendants exactly twice the amount of time I was originally inclined to give. If fully used, it adds up to 17 days of testimony, which would (in the best of all possible worlds) take us from April 1 through April 25.

I appreciate that the Government wants to put on testimony from pharmacies and institutions in multiple states; but that testimony will be redundant and the redundancy can and must be minimized – especially as the principal relevance of multi-state testimony is the amount of the Government's alleged claim, which will be the subject of expert and summary testimony and does not require testimony from representatives of multiple states.

Whatever, if it wants a jury trial, the Government needs to find ways to trim significant amounts of both its case and its cross, because these time limits will not be extended. In the end, this is a case about how a computer was programmed and whether the dispensations made using that program were legal. Given that, and despite the fact that it means more work for me, I continue to believe that it is in the parties' best interest to try the case to the court.

Dated: March 14, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL