**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* URI BASSAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>OMNICARE, INC.,<br><br>　　　　Defendant.<br><hr>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OMNICARE, INC. and CVS HEALTH CORP.,<br><br>　　　　Defendants. | Case No. 15-CV-4179-CM-VF |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF "DELIBERATIVE PROCESS" MATERIALS AND PROVIDE THOSE MATERIALS TO THE JURY**

　　　　　　　　　　　　　　　　　　　　Enu Mainigi (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Holly Conley (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　William Ashworth (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Beth A. Stewart (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　David Randall J. Riskin (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Benjamin Hazelwood (Bar No. 5001508)
　　　　　　　　　　　　　　　　　　　　Suzanne Salgado (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　WILLIAMS & CONNOLLY LLP
　　　　　　　　　　　　　　　　　　　　680 Maine Avenue, S.W.
　　　　　　　　　　　　　　　　　　　　Washington, DC 20024
　　　　　　　　　　　　　　　　　　　　(202) 434-5000

　　　　　　　　　　　　　　　　　　　　For matters in New York:

　　　　　　　　　　　　　　　　　　　　650 Fifth Avenue, Suite 1500
　　　　　　　　　　　　　　　　　　　　New York, NY 10019

　　　　　　　　　　　　　　　　　　　　*Attorneys for Omnicare, Inc. and*
　　　　　　　　　　　　　　　　　　　　*CVS Health Corporation*

Ilina Chaudhuri testified in response to the government's inquiry that she was unaware of anyone at CMS discussing the concept of rollover:

> Q. As a general matter, are you aware of anybody [at] CMS discussing rollover prescriptions or dispensations in the context of PEPV?
>
> A. No.
>
> Q. Do you recall anybody at CMS from 2010 to 2018 specifically talking about whether it was OK for prescription to rollover at assisted living facilities?
>
> A. No.
>
> * * *
>
> Q. To the best of your knowledge, did anybody involved in the PEPV process at CMS have actual knowledge that Omnicare was rolling over prescriptions for assisted living facilities?
>
> A. No.
>
> (Tr. 3202:22–3203:12.)

During discovery, however, the government used deliberative process to shield, among many other things, a clawed-back CMS document that Magistrate Judge Figueredo publicly described as discussing "real-time practices" of long-term-care pharmacies using "99 refills," as compared to "an otherwise valid order that would comply with state law." (ECF 373 at 18:10–12.) And government witnesses sought during trial to tie a default setting of "99 refills" to OmniDX's rollover function. (Tr. 232:11–233:11; *see also* Tr. 84:15–89:21.)

Having now affirmatively elicited testimony from its own witness on an issue on which it refused discovery, the government no longer can stand on its deliberative-process assertion. The Court should order the government, at least, to immediately produce the clawed-back document and permit Defendants to use it in this trial.

* * * * *

1

During discovery, Omnicare argued (among other things) that any deliberative-process privilege over the clawed-back document must yield because CMS' understanding and acceptance of rollover practices practice bore directly on the government's allegation that Omnicare committed fraud by using a "99 refill[]" default value for prescriptions that rolled over in its computer-dispensing system. (ECF 17 ¶ 132; *see* ECF 366; ECF 386.)  The Court rejected Omnicare's position.  (ECF 474.)

Chaudhuri's testimony renders the government's deliberative-process assertion over the clawed-back document (and others) unsustainable—and heightens Defendants' need for the document. *See, e.g.*, *EEOC v. Midwest Div. – RMC, LLC*, 2006 WL 6384881, at *3 (W.D. Mo. May 31, 2006) (deliberative process privilege waived where party "allow[ed witness] to answer some questions" on topic); *Kirschner v. Klemons*, 2005 WL 1214330, at *4 (S.D.N.Y. May 19, 2005) (deliberative process waived as to issues government had testified about in a deposition).  The clawed-back document, according to Judge Figueredo, discussed "real-time practices" of long-term-care pharmacies using "99 refills" as compared to "an otherwise valid order that would comply with state law." (ECF 373 at 18:8–10.)  At the least, the potential inconsistency is an issue Defendants should have been permitted to explore. *Cf. Peck v. United States*, 514 F. Supp. 210, 212–13 (S.D.N.Y. 1981) (where government's use of supposedly deliberative information "creates even 'an unintended false impression' of the underlying material," deliberative process must yield).

At this stage of the case, the Court cannot cure the prejudice caused by the government's conduct.  But it can order the government to immediately produce the clawed-back document (and other withheld documents on the same subject), and permit Defendants to (a) read those documents to the jury during Defendants' case, and (b) use them in the government's rebuttal

case and in closing.

Dated:  April 23, 2025

                                               Respectfully submitted,

                                               WILLIAMS & CONNOLLY LLP

                                               /s/ Enu Mainigi
                                                  Enu Mainigi (*pro hac vice*)
                                                  Holly Conley (*pro hac vice*)
                                                  William Ashworth (*pro hac vice*)
                                                  Beth A. Stewart (*pro hac vice*)
                                                  David Randall J. Riskin (*pro hac vice*)
                                                  Benjamin Hazelwood (Bar No. 5001508)
                                                  Suzanne Salgado (*pro hac vice*)
                                                  680 Maine Avenue, S.W.
                                                  Washington, DC 20024
                                                  (202) 434-5000

                                             For matters in New York:

                                                  650 Fifth Avenue
                                                  Suite 1500
                                                  New York, NY 10019

                                             *Attorneys for Omnicare, Inc. &*
                                             *CVS Health Corporation*