

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 25, 2025

By ECF
The Hon. Colleen McMahon
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States ex rel. Bassan et al. v. Omnicare, Inc. & CVS Health Corp.*,
             15 Civ. 4179 (CM)

Dear Judge McMahon:

      We write respectfully regarding three matters relating to the hearing and charge conference held on April 24, 2025.

      *First*, regarding the claims data exhibit that Defendants' counsel referenced: as noted on the record, due to a scrivener's error, the "End Bates Range" for GX-1003 was inadvertently omitted from the exhibit list. That exhibit was intended to encompass the range from OCRBASSAN01523780 through OCRBASSAN01523782—the same set of claims data that Omnicare produced to the Government in a single production dated January 20, 2023. *See* Exhibit A (Letter from B. Hazelwood to J. Jude, dated Jan. 20, 2023, referencing Omnicare's production of documents responsive to Government RFP 2, which was discussed in Court).

      The Court has resolved this issue, per an email sent by Your Honor's chambers to the parties on the evening of April 24. However, in order to ensure that the trial record is clear, the Government respectfully requests that the Court order the exhibit list to be deemed amended so that GX-1003 includes the appropriate end Bates number of OCRBASSAN01523782. (In the alternative, the Government offers OCRBASSAN01523781 and OCRBASSAN01523782 into evidence as GX-1015 and GX-1016, respectively.) The relevant claims data will be submitted to the jury in its totality.[1]

      *Second*, regarding the issues of state law underlying the testimony of Government pharmacy expert Dr. W. Thomas Smith: as stated on the record, the Government believes that there is sufficient evidence in the existing testimony and evidence regarding Dr. Smith's review of state pharmacy law, *see, e.g.*, Tr. 801-817, in addition to numerous admitted exhibits that either consist

---

[1] The Government also notes that, in addition to GX-1003, there are a number of other exhibits containing claims and/or dispensing data that have been admitted into the trial record. *See, e.g.*, GX-1000; GX-1001; GX-1004; GX-1006; GX-1516 through GX-1517; GX-1519 through GX-1527.

of the state laws themselves, or contain Omnicare employees' conclusions regarding what state law required for dispensings made to assisted living facility residents.[2]  Moreover, Dr. Smith frequently found that was *no drug authorization record at all* corresponding to the dispensing at issue, Tr. 819-22, and therefore did not have to refer to specific state law requirements to see if a distinct drug authorization record met the particular state law requirements (*e.g.*, quantity or refill requirement).  Dr. Smith's team referred to the specific state law requirements he had researched only if they first identified a potentially valid drug authorization record.  Tr. 825-27.  Furthermore, there is testimony and evidence in the record demonstrating that prescriptions in the vast majority of states expire after one year, which the jury can reasonably rely on without referencing specific statutory language.  *See, e.g.*, GX-1454 at 152-56 (Booz Allen chart indicating  that prescriptions expire after one year in 42 states); Tr. 186 (one-year expiration under Florida law); Tr. 738 (Pennsylvania law); Tr. 786 ("For most states that have an expiration, the stop date is one year from the date that the drug was prescribed."); Tr. 943 (Ohio law); Tr. 2289 (testimony that one-year expiration is the rule of most states); Tr. 2723 (Oregon law).

As the Court noted in its email to the parties, "[t]he purpose of requiring the moving party to articulate the ground on which JMOL is sought is to give the other party an opportunity to cure the defects in proof that might otherwise preclude him from taking the case to the jury." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998) (quotation marks omitted).  We acknowledge that the Court indicated that it would "be inappropriate to allow the Government" now to introduce the state law chart that Dr. Smith referenced during his testimony because Defendants already moved for judgment as a matter of law on this issue at the close of the Government's case.  However, the Second Circuit has made clear that a defendant's motion for judgment as a matter of law does not "preclude[] any further presentation of evidence" by the plaintiff.  *SEC v. Razmilovic*, 738 F.3d 14, 30 (2d Cir. 2013).  To the contrary, and as the Court noted, the "principal purpose of the requirement that any such motion be made before the case is submitted to the jury" is to permit the party to introduce additional evidence and thereby "cure any deficiency in that party's proof." *Lore v. City of Syracuse*, 670 F.3d 127, 152 (2d Cir. 2012).  Thus, while there is ample evidence already in the record regarding state law prescription requirements, in an abundance of caution, the Government respectfully seeks leave to offer into evidence Dr. Smith's state-law chart, attached hereto as Exhibit B, as GX-1544.

*Third*, for preservation purposes, the Government respectfully notes its exception regarding the federal common law claims of payment by mistake and unjust enrichment, which the Government believes should go to the jury.  The Government intended to renew this request at the charge conference but mistakenly failed to do so.  As stated in the Government's proposed revisions to the charge, *see* Dkt. 747 at 53-56, these claims are in fact claims at law, not in equity, because they seek monetary damages against the defendants, *see Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 47-48 (1989)—and not the restoration of "particular funds or property in the defendants' possession," *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214

---

[2] *See, e.g.*, GX-1603 (summary exhibits of numerous Omnicare admissions regarding state pharmacy law requirements); GX-1606A and GX-1606B (summary exhibit of numerous communications with state Boards of Pharmacy); GX-219; GX-220; GX-221; GX-224; GX-270; GX-271; GX-276; GX-292; GX-334; GX-375.

(2002).  Accordingly, those claims are legal claims that should be considered by the jury.  *See Pereira v. Farace*, 413 F.3d 330, 339-40 (2d Cir. 2005).

Even if these common law claims are deemed equitable, moreover, they should still be considered separately by the jury.  "When legal and equitable claims are joined in the same action, the right to jury trial on the legal claim, including all issues common to both claims, remains intact."  *Clark v. Hanley*, 89 F.4th 78, 100 (2d Cir. 2023) (quoting *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990)).  Because the factual issues underlying the common law and False Claims Act claims are shared, but the scienter element differs, the Government believes that the jury should be separately charged on these claims.  "Thereafter, the court [would] conduct[] a trial in equity to resolve all issues of equitable relief."  *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1422 (4th Cir. 1991).

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    /s/ Samuel Dolinger
MÓNICA P. FOLCH
JENNIFER JUDE
SAMUEL DOLINGER
LUCAS ISSACHAROFF
JEREMY LISS
JEAN DAVID BARNEA
JEFFREY K. POWELL
Assistant United States Attorneys
(212) 637-2800