# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* URI BASSAN,<br><br>   Plaintiffs,<br><br>   v.<br><br>OMNICARE, INC.,<br><br>   Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>OMNICARE, INC. and CVS HEALTH CORP.,<br><br>   Defendants. | Case No. 15-CV-4179-CM-VF |

## DEFENDANTS' PROPOSED CURATIVE INSTRUCTIONS ADDRESSING ISSUES ARISING FROM GOVERNMENT'S CLOSING ARGUMENT

Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
William Ashworth (*pro hac vice*)
Beth A. Stewart (*pro hac vice*)
David Randall J. Riskin (*pro hac vice*)
Suzanne Salgado (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5000

For matters in New York:
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Omnicare, Inc. & CVS Health Corporation*

On April 28, 2025, Defendants proposed, and discussed with the Court, two curative instructions addressing issues arising from statements made by government counsel during their closing argument. Defendants provided the curative instructions, along with Defendants' basis for seeking each, to the Court and the government via email, before the Court charged the jury.

For recordkeeping purposes, Defendants file their proposed curative instructions, along with their basis for seeking them.

* * * * *

### *Curative Instruction 1—Documents Available in Discovery*

In their closing, the Government made reference to productions and supplemental productions of prescription documentation by Omnicare to the Government. You should disregard these statements by the Government and consider only the evidence from this trial about where prescription documentation may be located.

**Basis for Curative Instruction**: At the charge conference, the Court stated that "I am not getting into stuff about what was or was not produced during discovery. *That is not properly argued to the jury.*" (Tr. 3924:15–19 (emphasis added).) And it explained if a party were "to get up and argue about what was or was not produced in discovery, I am going to stop you." (Tr. 3925:15–17.) Nevertheless, during their closing, counsel for the government did just that:

> And here's the other issue. We asked Omnicare for their prescription years ago. Not only did they have an opportunity to supplement, they did supplement their prescription documents to us. We asked them for documents. They provided documents. They supplemented their documentation.
>
> (Tr. 4147:20–24.)

Given the Government's closing argument, the Court should instruct the jury that the Government's discovery-related comments are irrelevant, and the jury only should consider the evidence it has heard at trial.

### *Curative Instruction 2—Damages*

In their closing, the Government made reference to the fact that their demand of $460,034,505 was the amount of money that is at issue in this case. Although that is the maximum amount you can award, you should not assume that this is the total amount the Government can obtain from Defendants.

**Basis for Curative Instruction**:

During their closing, counsel for the Government stated that "the amount of money that's at issue here" is $460,034,505. (Tr. 4155:11–12.) But that is not true; under the False Claims Act, any damages award is trebled, and the Court is to award a penalty amount. By suggesting that $460,034,505 is "the amount of money . . . at issue" in this case, the Government has painted a false picture of the implications of a damage award by the jury. That false impression requires correction.

Dated: April 29, 2025

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

/s/ Enu Mainigi
Enu Mainigi (*pro hac vice*)
Holly Conley (*pro hac vice*)
William Ashworth (*pro hac vice*)
Beth A. Stewart (*pro hac vice*)
David Randall J. Riskin (*pro hac vice*)
Suzanne Salgado (*pro hac vice*)
Benjamin Hazelwood (Bar No. 5001508)
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5000

For matters in New York:

650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Omnicare, Inc. & CVS Health Corporation*

2