UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

UNITED STATES OF AMERICA, et al., *ex rel.*
URI BASSAN,

        Plaintiffs,

-against-

OMNICARE, Inc.,

        Defendant.

---------------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

-against-

OMNICARE, INC. and CVS HEALTH CORP.,

        Defendants.

---------------------------------------------------------------x

15 Civ. 4179 (CM)

### MEMORANDUM DECISION ON STATUTORY PENALTIES

McMahon, J.:

    The jury found that Omnicare, Inc. ("Omnicare") submitted 3,341,032 false claims, and that CVS Health Corporation ("CVSHC") caused the submission of 1,016,039 claims. The jury also found that the Government sustained $135,592,814.70 in damages as a result of Omnicare's conduct. As the Government is statutorily entitled to treble damages, we have to add to the verdict an additional $271,185,629.40, for a total damages award against Omnicare of $406,778,444.10. *See* False Claims Act (FCA), 31 U.S.C. § 3729 (a)(1).

    The Government is also seeking the imposition of statutory penalties under the FCA, which provides for "a civil penalty of not less than $5,000…for every false claim that a jury finds…" *Id.*

1

Were the FCA's penalty provision applied to the letter, this would result in a *minimum* penalty of roughly $26.9 *billion*, on top of the treble damages.

Thankfully the Government is not demanding that the Court follow the letter of the law. It seeks a total of $542 million in statutory penalties on Omnicare and $164.8 million in statutory penalties on CVSHC.

Defendants argue that the maximum statutory penalty that can be imposed on Omnicare is on the order of a 1:1 penalties-to-actual damages ratio – or penalties totaling $135,592,814.70. As for CVSHC, since the jury awarded no damages as a result of its misconduct, the Government insists that it cannot be held liable for any penalty amount.

For the reasons stated below, I am imposing on Omnicare a statutory penalty of $542 million for filing a total of 3,342,032 false claims over the period beginning 2010 to 2018. CVSHC and Omnicare are jointly liable for the filing of 1,016,039 million of those false claims. (CVSHC did not submit any claims itself; its liability rests entirely on its failure to stop Omnicare from continuing to submit false claims following its acquisition of the latter.) Therefore, the Court finds CVSHC jointly and severally liable with Omnicare for $164.8 million of the total amount of the statutory penalties imposed.

I will also treble the damage amount against Omnicare, as required by statute.[1]

## BACKGROUND

On April 29, 2025, the jury returned a verdict in favor of the Government. The jury found that Omnicare submitted a total of 3,342,032 false claims over the period of eight years, resulting in a total of $135,592,814.70 in damages to the Government. *See* Jury Verdict Sheet for Omnicare,

---

[1] Defendants have each moved for judgment as a matter of law and for a new trial. The ultimate imposition of penalties will be subject to my decisions on those motions.

2

at 2. The jury further found that CVSHC "caused" Omnicare to submit 1,016,039 of those false claims following its acquisition of Omnicare, which occurred in August 2015.[2] However, the jury concluded that CVSHC's conduct caused the Government no money damages. *See* Jury Verdict Sheet for CVSHC, at 2. The concept of joint and several liability for damages was not explained to the jury during the charge,[3] so it is a virtual certainty that the jurors concluded that CVSHC's participation in the submission of false claims did not cause any damage over and above whatever damages were caused by Omnicare's actual submission of those claims.

Because the Federal Civil Penalties Inflation Adjustment Act, *see* 28 C.F.R. §§ 85.3(a)(9), 85.5(a), applies to the claims in suit, the adjusted civil penalties are between $5,500 and $11,000 per false claim for violations occurring on or before November 2, 2015; and between $13,946 and $27,894 per false claim for violations occurring after November 2, 2015. *See* 28 C.F.R. §§ 85.3(a)(9), 85.5(a). The resulting penalties are astronomical. Omnicare would be subject to a minimum of $ 26.9 billion in penalties, by Defendants' estimates.

The Government, exercising its prosecutorial discretion (and no doubt recognizing the Eighth Amendment problem that would arise if the Court were to award almost $27 billion in penalties on top of nearly a half a billion dollars in damages), prudently limits its request for penalties to $542 million against Omnicare (a 4:1 penalties-to-actual-damages ratio). The Government also asks for the imposition of $164.8 million in penalties against CVSHC, which is 30.4% of Omnicare's penalty. The Government derives this number because CVSHC was held liable for causing 30.4% of the false claims to be filed. Since the Government has elected not to

---

[2] Although the Government's expert made his calculations on the basis that CVSHC was liable for every claim filed after the acquisition, the theory of liability that it argued to the jury was that CVSHC became liable by virtue of a Corporate Integrity Agreement that was signed on October 11, 2016.

[3] Although the Government originally asked for such a charge in its written requests, it neither mentioned the issue at the charging conference nor objected to the charge as delivered – which contained no instruction about joint and several liability for damages attributable to the same injury. Defendants did not seek such an instruction.

3

seek penalties calculated pursuant to the statutory formula – and no party asked that the jury make any finding about how many false claims were submitted before November 2, 2015 and after that date – we need not be concerned about apportioning penalties before and after the date when the formula changed.

The Government's proposal would result in the following total award:

|  | Damages | False Claims | Modified Penalties | Total (incl. trebled damages) |
|---|---|---|---|---|
| Omnicare | $135,592,814.70 | 3,341,032 | $542,000,000 | $948,778,444.10 |
| CVSHC | $0 | 1,016,039 | $164,800,000 | $164,800,000.00 |

*See* Dkt. No. 775, at 5.

Defendants argue that these penalties are still excessive. Dkt. No. 778.

## DISCUSSION

"In practice, laws made by Congress rarely violate the Eighth Amendment. A penalty imposed by an act of Congress has shocked the Supreme Court's conscience only twice." *Grant on behalf of U.S. v. Zorn*, 107 F.4th 782, 802, n. 6 (8th Cir. 2024) (citing *United States v. Bajakajian*, 524 U.S. 321 (1998) and *Trop v. Dulles*, 356 U.S. 86 (1958)).

Had the Government pursued penalties calculated in strict accordance with the FCA, my conscience would indeed have been shocked – and I think the Supreme Court's would have as well. However, we are not discussing punitive sums in the billions; we are in the realm of the serious, but not the surreal. Nonetheless, the proposed penalty still warrants scrutiny.

Defendants argue that the Constitution prohibits penalties beyond a 1:1 penalties-to-actual damages ratio. On their view of the issue, I can impose no more than $135,592,814.70 in penalties

4

on Omnicare, and no penalties at all on CVSHC. In the alternative, Defendants accept a penalties-to-actual damages ratio of 4:1. Defendants do not contest the trebling of damages.

**I.        Penalties Against Omnicare**

Defendants argue that an award of $948,778,444.10, consisting of treble damages together with $542,000,000 in civil penalties, is unconstitutional under the Excessive Fines Clause of the Eighth Amendment. I do not agree.

First of all, the damages portion of that award ($406,778,444.10) is not a fine of any sort. It is the damages awarded by the jury ($135,592,814.70), trebled as required by statute. Admittedly that is a very big number. But this was a very big fraud on the Government, one that lasted over almost a decade, and one that Omnicare was aware of but avoided taking steps to correct.

And admittedly, trebling the damages awarded by the jury serves a partly punitive (and partly remedial) purpose. *See Cook Cnty., Ill. v. U.S. ex rel. Chandler*, 538 U.S. 119, 130-31 (2003). Nonetheless, Congress provided for both treble damages and a penalty on top of that. And Congress set no ceiling on the amount of actual damages that would render a statutory fine unlawful – though it had to have been aware of the possibility that certain FCA violations could, as here, generate massive damages awards.

Defendants argue that a fine of the magnitude proposed by the Government – four times the jury's damage award (i.e., four times the damages before trebling) – contravenes the Supreme Court's holding in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003). Dkt. No. 767, at 3-4. In that case, the Supreme Court invalidated as unconstitutional a punitive-damages jury award of $145 million where the compensatory damage award was only $1 million. While the Court "decline[d] again to impose a bright-line ratio in which a punitive damages award

cannot exceed," it stated that "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree will satisfy due process." *Id.* at 425. The Court implied that a ratio of 4:1 "might be close to the line of constitutional impropriety," while noting that "ratios greater than those we have previously upheld may comport with due process where a particularly egregious act has resulted in only a small amount of economic damages." *Id.* (internal citation and quotation marks omitted). But, said the Court, "The converse is also true.... When compensatory damages are substantial, then a lesser ratio, *perhaps only equal to compensatory damages*, can reach the outermost limit of the due process guarantee." *Id.* (emphasis added).

Since the compensatory damages in this case are "substantial" – so substantial that the Government called the verdict "one of the largest...rendered by a jury in a False Claims Act" in a press release[4] – Defendants argue that Omnicare's penalties-to-actual damages ratio should be capped at 1:1.

But as the Government correctly points out, *State Farm* is not an Eighth Amendment "excessive fines" case: "Defendants rely on cases involving jury punitive damages awards and due process standards, which do not apply to the review under the Excessive Fines Clause of statutorily prescribed penalties." Dkt. No. 775, at 2. The Excessive Fines Clause – and not the Due Process Clause – is what dictates the award I must make here. Dkt. No. 775, at 8-9. This is not a case involving punitive damages; what we are asked to analyze is whether a penalty imposed on top of damages – on top of trebled damages – by fiat of Congress qualifies as "excessive." The Due Process Clause is not implicated in the situation that confronts the Court. I cannot conclude, therefore, that *State Farm* is binding precedent in the situation that confronts me. *See, e.g. Grant*

---

[4] Statement of U.S. Attorney Jay Clayton (Apr. 29, 2025), https://www.justice.gov/usao-sdny/pr/statement-us-attorney-jay-clayton-verdict-us-v-omnicare-and-cvs-health-corporation.

*on behalf of U.S. v. Zorn*, 107 F.4th 782, 803-04 (8th Cir. 2024) (Smith, J., concurring in part); *Vanderbilt Mortg. and Fin., Inc. v. Flores*, 692 F.3d 358, 374-5 (5th Cir. 2012). Which is not to say that it is not instructive. It is. But it is not controlling. The due process concerns that animated *State Farm* – concerns arising from a purely discretionary jury award of punitive damages – are largely absent here. "This discretion [in determining the amount of punitive damages], the arbitrariness that might accompany it, and principles of fair notice are what led the Court [in *State Farm*] to invalidate the award under the Due Process Clause." *Flores*, 692 F.3d at 374. No such discretion or problem with notice is applicable in this case. Congress set a significant penalty to be imposed on top of treble damages in an egregious FCA case, and Defendants – highly sophisticated parties – understood the severity of the statutory penalty scheme.

Furthermore, penalties that fall "squarely within the boundaries set by Congress" deserve a "strong presumption of constitutionality," because the statutory range "reflects the considered legislative judgment as to what is excessive." *Stop Ill. Health Care Fraud, LLC v. Sayeed*, 100 F.4th 899, 907 (7th Cir. 2024). The penalties sought by the Government are well below the "boundaries set by Congress," so it is hard to see how they could be deemed excessive.

The Government relies on two cases from other Circuits to justify the penalties it seeks. In *Stop Ill. Health Care Fraud, LLC*, 100 F.4th at 906-08, the Seventh Circuit upheld an award in a FCA case that was at a ratio of 40:1 penalties-to-actual damages without reference to *State Farm*. And in *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1314 (11th Cir. 2021), the Eleventh Circuit upheld an award in a FCA case that produced a ratio of penalties-to-actual damages of 1,500:1.

I cannot find much to guide me in *Stop Ill. Health Care Fraud, LLC* or *Yates*. It is particularly unhelpful to focus on the ratios in those cases, because in both cases actual damages

7

were negligible when compared to the damages awarded in this case. In *Stop Ill. Health Care Fraud, LLC*, No. CV 12-09306, at *1 (N.D. Ill. Nov, 4, 2022) (adopting the plaintiff's damages calculation), the court's actual damages award was $746,490.72; in *Yates*, 21 F.4th at 1295, it was $755.54. The ratios condoned in those cases would look radically different if implemented in our case.

So, what conclusions do I reach from *State Farm*?

First, I am not bound to impose a penalty with a ratio of just 1:1 between the penalty and actual damages awarded by the jury. The Supreme Court's passing reference in *State Farm* to "perhaps" a 1:1 punitive-to-compensatory damages ratio where "compensatory damages are substantial" hardly qualifies as a ruling that any higher ratio is automatically excessive in a case where actual damages are substantial. However, the Supreme Court's observation about the relationship between a punitive award and substantial compensatory damages must be taken into account.

Second, a ratio of 4:1 – the amount sought by the Government – is probably the outer limit of what can be constitutionally condoned in a case like this one, where actual damages are substantial.

Third, if there is one lesson I can take from *State Farm*, it is that the AMOUNT of actual/compensatory damages is highly relevant when deciding whether the RATIO between actual damages and either punitive damages or a fine qualifies as excessive.

Let us put those lessons to use in the context of an Eighth Amendment Excessive Fines challenge.

To violate the Excessive Fines Clause, a penalty must be "grossly disproportional to the gravity of the defendant's offense." *Bajakajian*, 524 U.S. at 334. Judge Cabranes articulated the

four-factor inquiry for determining whether a penalty was "grossly disproportionate to the gravity of [the] defendant's offense":

> (1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct.

*United States v. Viloski,* 814 F.3d 104, 110 (2d Cir. 2016) (cleaned up).

The Government's proposed penalty satisfies the proportionality test. While there was no evidence that a single patient suffered harm as a result of Omnicare's misconduct, there was harm to the Government "in the form of…harm to the administration and integrity of Medicare" and other Government health insurance programs. *United States v. Mackby,* 339 F.3d 1013, 1018 (9th Cir. 2003). "Fraudulent claims make the administration of Medicare more difficult, and widespread fraud would undermine public confidence in the system." *Id.* at 1019. The Government ended up using taxpayer funds to pay for drugs for which it had no obligation to pay, because those drugs were not legally prescribed.

In addition, the Government was required to "spend time and resources investigating the fraud." *Stop Ill. Health Care Fraud,* 100 F.4th at 907 (noting that, in *Bajakajian,* the Supreme Court reversed a fine as unconstitutionally excessive because there was no fraud on the United States or loss to the public fisc).

Finally, the violations in this case were both deliberate and egregious. Omnicare was aware for years of the problems posed by its dispensing practices; it was warned again and again, both by employees and by outside (State) regulators. Of great significance, Omnicare actually developed fairly straightforward means of resolving those problems but declined to implement them for years. Tr 336, 417, 1462-63, 1467-68, 1931; GX-130; GX-153; GX-219. As a result, the Government paid for over a hundred million dollars in drugs that were not actually covered by

9

Medicaid, Medicare or Tricare. While it is undoubtedly true that many, perhaps even most, of the medications in question would have been covered by those programs if Omnicare had followed the rules, Omnicare did not follow the rules. There is no way to turn back the clock, see how many of the false claims would have been legally prescribed if Omnicare had followed the rules, and so quantify how much loss the public fisc would have sustained in that counterfactual event.

Finally, the Government's proposed penalty is well below the statutory range.

I have examined other cases in which courts have imposed significant FCA fines on top of substantial damages, at ratios at or exceeding the 4:1 ratio the Government seeks in this case. For example, in *United States ex rel. Penelow v. Janssen Prods., LP*, No. CV 12-7758 (ZNQ) (JBD), 2025 WL 937504, at *9 (D.N.J. Mar. 28, 2025), the court imposed over $1.27 billion in penalties on top of $120,004,736 of actual damages. That represents a 10:1 ratio – far in excess of what the Government seeks here – on an amount of damages that approximates the damages in this case.[5] And in *United States ex rel. Tyson v. Amerigroup Ill. Inc.*, 488 F. Supp. 2d 719, 742 (N.D. Ill. 2007), the court imposed $190 million in penalties (under the FCA and Illinois Whistleblower Reward and Protection Act), on top of $48 million in actual damages – a 3.96:1 ratio.

On the whole, I conclude that the Government has not exceeded the Eighth Amendment's guardrails by seeking the imposition of a 4:1 penalty-to-actual-damages ratio – trebling notwithstanding – where, as here, the penalty calculated in strict accordance with the statute would be many, many times that amount.

I thus grant the Government's request that the statutory penalty be fixed as against Omnicare in the amount of $542 million.

---

[5] Obviously, that award has yet to be challenged on appeal.

10

## II.     Penalties Against CVSHC

Defendants argue that an award of $164,800,000 of civil penalties on CVSHC, where the jury assessed no damages against it, violates the Eighth Amendment. They urge that the penalties-to-actual damages ratio is effectively infinite, which would be in clear conflict with *State Farm*. And while CVSHC acknowledges that there are cases in which courts have awarded FCA penalties where there were no damages, "[i]n many, the plaintiff never actually sought damages at trial, meaning there was no express jury finding that the defendant caused no harm." Dkt. No. 767, at 13 (citing *Rex Trailer Co. v. United States*, 350 U.S. 148, 151–53 (1956), *United States ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 409 (4th Cir. 2013), *United States v. Hughes*, 585 F.2d 284, 286–87 (7th Cir. 1978); and *United States v. Rohleder*, 157 F.2d 126, 127 (3d Cir. 1946) and noting that all but *Bunk* predate *State Farm*).

The Government responds that

> under Defendants' novel constitutional argument, anyone who repeatedly engages in fraudulent conduct and violates the statute would be insulated from any monetary liability if the Government is unable to establish damages. This would undermine the deterrent value and punitive purposes of the mandated statutory penalties.

Dkt. No. 775, at 23.

*State Farm* offers no guidance. There are, as Defendants concede, cases where courts have awarded only FCA penalties, and while many of those cases predate *State Farm,* the very fact that they exist suggest that there is nothing wrong with that practice. Indeed, such a conclusion makes eminent sense when one considers that Congress chose to impose the statutory penalty on a per-violation basis; the penalty is not statutorily calculated as a function of the actual damages awarded. There would be no reason to tether the two but for the amounts of the jury's verdict in this case.

Here, the jury found that CVSHC violated the FCA and participated in the submission of 1,016,039 false claims. It is utterly illogical to conclude that CVSHC should not be taxed with a Congressionally-mandated penalty simply because the jury concluded (on the basis of an instruction, delivered without objection, that was, with the benefit of hindsight, incomplete) that CVSHC had caused the Government no additional damage over and above the hundred million plus dollars in damage attributable to Omnicare's conduct. Congress demanded that penalties should be imposed on parties who violated the FCA, and "judgments about the appropriate punishment for an offense belong in the first instance to the legislature." *Bajakajian*, 524 U.S. at 336. That is not in dispute. So, an appropriate punitive sanction that is not "grossly disproportional to the gravity of the offense" would not violate the Eighth Amendment. *See Bajakajian*, 524 U.S. at 334.

Since the jury found that CVSHC participated in 1,016,039 (or 30.4%) of the false claims filed by Omnicare, I believe that an equitable solution is to hold CVSHC jointly and severally liable for 30.4% of the penalties imposed against Omnicare – or $164.8 million. *See, e.g., U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, 501 F.Supp.2d 51, 57-58 (D.D.C. 2007) (adopting a similar approach to shared liability for FCA penalties). Joint and several liability for the penalty reflects the fact just mentioned – that the statutory penalty is tied to the number of false claims filed, not to any other factor, including the amount of actual loss to the Government. Imposing the penalty jointly on both parties in proportion to their adjudicated misconduct reflects the undoubted fact that the jury found that both Omnicare and CVSHC participated in the filing of 30% of the false claims at issue in this case. It is, therefore, the result that most closely corresponds to the legislative mandate.

## CONCLUSION

For the reasons stated above, this Court will impose on Omnicare penalties totaling $542 million of which CVSHC will be jointly and severally liable for $164.8 million. This Court will also treble the $135,592,814.70 in damages against Omnicare.

Dated: July 7, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL