USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/2025

# O'NEIL CANNON
## HOLLMAN DEJONG & LAING S.C.

Doug P. Dehler • Attorney • doug.dehler@wilaw.com

10/27/2025
The deadline for Relator's motion for fees is tolled until 30 days after the later [1] issuance of the mandate [2] final affirmance of the final appealed, or [3] determination by the Circuit for Defendant to find this case.

October 22, 2025

**Via E-File Only**

Hon. Colleen McMahon
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States ex rel. Uri Bassan v. Omnicare, Inc.*, No. 15 Civ. 4179 (CM)

Dear Judge McMahon:

MEMO ENDORSED

    On August 18, 2025, this Court entered a Decision and Order directing the clerk to enter judgment against Defendants Omnicare, Inc. and CVS Health Corp. under the False Claims Act, 31 U.S.C. § 3729. Dkt. 830. On August 18, 2025, a final Judgment was entered against Defendants. On September 15, 2025, Defendants filed notices of appeal. Dkts. 840 and 841.

    At the appropriate time, Relator intends to bring a motion to recover reasonable attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d)(1). In addition to attorneys' fees, expenses and costs incurred through the date of the Judgment, Relator may be entitled to recover his reasonable attorneys' fees for work performed related to the pending appeal. If the parties cannot reach a settlement on this issue, Relator believes that potentially costly and contentious discovery may be necessary to resolve issues regarding Relator's attorneys' fees. Specifically, such discovery may include inquiries into Defendants' hourly rates and fees, as well as potential expert testimony on the reasonableness of the Relator's attorneys' fees.

    On September 15, 2025, Relator through a letter motion (the "Letter Motion") requested an extension of the deadline for Relator to file his motion for an award of attorneys' fees, expenses, and costs. Dkt. 834. The Letter Motion was granted. Dkt. 835. In that motion, Relator noted that he may ask the Court to stay proceedings with respect to Relator's claims for attorneys' fees, expenses and costs until after the appeal is complete.

    Since filing the Letter Motion, further events have occurred that suggest a stay of the motion deadline is appropriate. On September 22, 2025, Defendant Omnicare commenced a bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Texas, which automatically stayed claims against it. Then, on October 2, 2025, due to the current government shutdown, Chief Judge Laura Taylor Swain entered an order staying all cases "in which the United States Attorneys' Office for the Southern District of New York has

111 E. Wisconsin Avenue | Suite 1400 | Milwaukee, WI 53202-4870 | PHONE 414.276.5000 | FAX 414.276.6581 | wilaw.com

October 22, 2025
Hon. Colleen McMahon
Page 2

appeared as counsel of record for the United States...." *In re: Stay of Certain Civil Cases Pending the Restoration of Justice Funding,* 25-mc-00433.

Under the circumstances and to avoid potential duplicative litigation, Relator respectfully asks the Court to enter an order tolling all deadlines and staying all proceedings related to Relator's motion for attorney's fees, costs and expenses until thirty (30) days after a mandate is issued from the appellate court or the parties notify the Court that a settlement has been finalized in this case.

A stay will minimize the need for potentially duplicative and contentious litigation, including potential discovery disputes over Relator's fees and expenses. If a stay is not granted and the United States Government prevails on appeal, then the Relator may need to file a second petition for attorneys' fees, expenses and costs incurred in connection with the appeal, meaning that the Court may need to go through a second round of analysis concerning Relator's fees. Alternatively, if Defendants prevail on appeal, it is possible that Relator would no longer be entitled to recover attorneys' fees, meaning that potentially costly litigation over these issues would have been unnecessary.

Relator provided a copy of this motion to counsel for Defendant CVS Health Corp., and its counsel informed Relator that CVS Health Corp. does not object to the relief requested herein.

Accordingly, Relator respectfully requests that the Court enter an order tolling the deadline by which Relator must file a petition for reasonable attorneys' fees, expenses, and costs in this matter until thirty (30) days after either (1) the mandate issues from the Second Circuit Court of Appeals, or (2) the parties inform the Court that they have executed an otherwise final settlement agreement in this case.

Thank you for your consideration.

Sincerely,

*s/ Douglas Dehler*
Douglas Dehler

DPD/elg
Cc: All Counsel of Record (via ECF)